Andre **BENNETT**, Petitioner,

v.

Tom **FELKER**, Warden, Respondent.

No. CV 07–4073–RGK (RCF).

United States District Court,
C.D. California,
Western Division.

May 29, 2009.

**1123**

Andre' Bennett, Delano, CA, pro se.

Viet H. Nguyen, CAAG–Office of Attorney General of California, Los Angeles, CA, for Respondent.

## ORDER ADOPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE

R. GARY KLAUSNER, District Judge.

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, all the records, and the attached Report and Recommendation of the United States Magistrate Judge. The Court concurs with and adopts the findings of fact, conclusions of law, and recommendations contained in the Report and Recommendation after having made a *de novo* determination of the portions to which objections were directed.

IT IS ORDERED that Judgment be entered granting Respondent's Motion to Dismiss and dismissing the Petition with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment by United States mail on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

RITA COYNE FEDERMAN, United States Magistrate Judge.

This Report and Recommendation is submitted to the Honorable R, Gary Klausner, United States District Judge, pursuant to the provisions of 28 U.S.C. § 636 and General Order 05–07 of the United States District Court for the Central District of California.

Petitioner, a state prisoner proceeding *pro se*, filed a Petition For Writ Of Habeas Corpus on June 22, 2007. On August 28, 2007, Court issued a Report and Recommendation, recommending summary dismissal for failure to exhaust state reme-

dies. Petitioner responded with a motion to supplement the petition with additional information satisfying the exhaustion requirement. As a result, the Court withdrew the Report and Recommendation, Respondent filed a Motion to Dismiss the Petition on March 5, 2008. Petitioner filed Oppositions to the Motion to Dismiss on September 5, 2008, and September 10, 2008. For the reasons stated below, Respondent's Motion to Dismiss should be granted and the Petition dismissed with prejudice as barred by the statute of limitations.

### Procedural History

On May 1, 2003, Petitioner was convicted in Los Angeles County Superior Court of one count of second degree robbery. [Lodged Doc. 1.] The trial court sentenced him to twenty-eight years to life in state prison. [Lodged Doc. 2.]

On January 24, 2005, 2005 WL 237055, the California Court of Appeal affirmed the judgment. [Lodged Doc. 3.] On May 11, 2005, the California Supreme Court denied review. [Lodged Doc. 4.]

On August 6, 2006, Petitioner mailed a habeas corpus petition to the Los Angeles County Superior Court. [Lodged Doc. 5.] Under the prison mailbox rule, the Court considers the petition constructively filed as of the date it was mailed to the court. *See Houston v. Lack*, 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988); *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir.2001). The superior court denied the petition on October 10, 2006. [Lodged Doc. 6.] On December 4, 2006, Petitioner mailed a second habeas petition to the California Court of Appeal, which was denied on December 14, 2006, [Lodged Docs. 7, 8.] On May 2, 2007, Petitioner mailed his third habeas petition to the California Supreme Court. It was denied on September 19, 2007, with citations to *In re Swain*, 34 Cal.2d 300, 304, 209 P.2d 793 (1949), *cert. denied*, 338 U.S. 944, 70 S.Ct. 425, 94 L.Ed. 582 (1950), and *People v. Duvall*, 9 Cal.4th 464, 474, 37 Cal.Rptr.2d 259, 886 P.2d 1252 (1995). [Lodged Docs. 9, 10.]

### Discussion

### A. Statutory Tolling

Respondent contends the Petition must be dismissed as barred by the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets forth a one-year limitations period for federal habeas corpus petitions filed by state prisoners. 28 U.S.C. § 2244(d). Under AEDPA, the limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of time for seeking such review," whichever comes later. 28 U.S.C. § 2244(d)(1)(A).

As discussed above, Petitioner's conviction was affirmed by the California Court of Appeal, and the California Supreme Court denied review on May 11, 2005. For purposes of AEDPA, Petitioner's conviction became final on August 9, 2005, upon the expiration of the ninety day period for seeking a writ of certiorari in the United States Supreme Court, *Bowen v. Roe*, 188 F.3d 1157, 1159–60 (9th Cir.1999); *see* 28 U.S.C. § 2101(d); Rules of the Supreme Court of the United States, Rule 13. Thus, the statute of limitations began to run on August 10, 2005. Absent a period of tolling, the limitations period expired on August 9, 2006, about ten months prior to the filing of the instant action on June 22, 2007.

### 1. Statutory Tolling

The statute of limitations is tolled while a "properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The period of tolling may include the period between a lower state court's denial of

the habeas claim and the filing of a petition in a higher court, as long as the subsequent petition is filed in the higher court within a "reasonable time." *Evans v. Chavis*, 546 U.S. 189, 192–93, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006). Thus, an application for state post-conviction relief "will be deemed 'pending' for purposes of 28 U.S.C. § 2244(d)(2) even during the intervals between the denial of a petition by one court and the filing of a new petition at the next level, if there is not undue delay." *Delhomme v. Ramirez*, 340 F.3d 817, 818–19 (9th Cir.2003); *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir.2003).

As explained above, the statute of limitations began to run on August 10, 2005, upon the expiration of the ninety day period for seeking a writ of certiorari in the United States Supreme Court. The limitations period continued to run for 361 days until it was tolled on August 6, 2006, with the mailing of Petitioner's first habeas corpus petition to the Los Angeles County Superior Court.

Following the superior court's denial of his habeas petition on October 10, 2006, Petitioner had four days remaining in the limitations period in which to file his federal petition. Unless Petitioner is entitled to another period of tolling, the statute expired prior to the filing of the instant action on June 22, 2007.

Petitioner filed his next habeas petition in the California Court of Appeal on December 4, 2006, fifty-five days after the denial of the first petition by the superior court. In order to toll the statute for this additional fifty-five day period, Petitioner's pursuit of state habeas corpus relief must have been "pending." 28 U.S.C. § 2244(d)(2). His action was "pending" within the meaning of § 2244(d)(2) if the second petition was filed with the court of appeal within a "reasonable time" following the denial of the first petition by the superior court. *Evans*, 546 U.S. at 192–93,

126 S.Ct. 846. Interpreting this standard in the context of California's system of collateral review, the Supreme Court reasoned in *Evans* that "[s]ix months is far longer than the 'short periods of time,' 30 to 60 days, that most States provide for filing an appeal to the state supreme court. It is far longer than the 10–day period California gives a losing party to file a notice of appeal in the California Supreme Court. We have found no authority suggesting, nor found any convincing reason to believe, that California would consider an unjustified or unexplained 6–month filing delay 'reasonable.' Nor do we see how an unexplained delay of this magnitude could fall within the scope of the federal statutory word 'pending,' " as set forth in § 2244(d)(2). *Evans*, 546 U.S. at 201, 126 S.Ct. 846 (internal citations omitted).

 In *Evans*, the Supreme Court indicated that a delay of up to sixty days between the denial of one habeas petition and the filing of the next was acceptable. Respondent concedes, and the Court finds, that the fifty-five day delay that preceded the filing of Petitioner's second petition was reasonable, and thus he is entitled to statutory tolling for the period between the denial of relief by the superior court and the filing of the second petition. The period of tolling continued while the second petition was pending in the court of appeal, through the denial of the petition on December 14, 2006. At that point in time, there still remained four days in the limitations period.

Petitioner waited 139 days before constructively filing his third habeas petition in the California Supreme Court on May 2, 2007. Whether this petition extended the period of statutory tolling depends on whether it was timely under California's reasonableness standard.

Respondent argues the third petition was untimely under the state standard, as

indicated by the California Supreme Court's denial of the petition with a citation to *Swain*. It is not clear whether the court's citation of *Swain* indicates a timeliness bar. A citation to *Swain* may indicate the supreme court denied a claim because the petitioner failed to explain his reasons for delay in presenting the claim, or it may indicate it denied the claim because the petitioner failed to allege the claim with sufficient particularity. *Swain*, 34 Cal.2d at 304, 209 P.2d 793. The California Supreme Court's additional citation of *Duvall* in denying Petitioner's claim indicates it is more likely that it denied the petition based on a pleading deficiency. *See Duvall*, 9 Cal.4th at 474, 37 Cal. Rptr.2d 259, 886 P.2d 1252 (a habeas petition should state fully and with particularity the facts on which relief is sought). In fact, *Duvall* cites to page 304 of the *Swain* decision for this very proposition. *Id.* Accordingly, the citation to *Swain* does not provide a clear indication that the California Supreme Court deemed the third petition to be untimely.

In the absence of "clear indication that a particular request for appellate review was timely or untimely, the [federal court] must itself examine the delay in each case and determine what the state courts would have held in respect to timeliness." *Evans*, 546 U.S. at 198, 126 S.Ct. 846. In determining whether the delay of 139 days was reasonable, the Court considers whether Petitioner has provided adequate justification for the delay. *See Evans*, 546 U.S. at 201, 126 S.Ct. 846.

In opposing the motion, Petitioner relies on the declaration he filed with his supreme court habeas petition, which provided his justification for his delay in filing that petition. In the declaration, Petitioner first claims that he was delayed because he was awaiting a response from the California Innocence Project as to whether it would accept his case. [Lodged Doc. 9, Ex. 1 at 1.] However, the letter from the California Innocence Project informing Petitioner that his case was under review is dated November 30, 2006, a few days before Petitioner mailed his second habeas petition to the court of appeal. [Lodged Doc. 9, Ex. 1, attachment.] Thus, it is apparent that Petitioner's ability to complete and file a petition was not dependent on a response from the California Innocence Project.

Next, Petitioner claims his delay was caused in part by the lack of an investigator. [Lodged Doc. 9, Ex. 1 at 1.] Yet, Petitioner was able to file each of his state habeas corpus petitions without the assistance of an investigator. More significantly, Petitioner's third state habeas petition was nearly identical to the second petition he filed in the court of appeal. He does not explain why the lack of an investigator delayed his ability to file a petition in the California Supreme Court that was nearly identical to the petition filed in the lower court.

Finally, Petitioner claims that his repeated placement in administrative segregation hindered his ability to visit the law library and prevented him from working on the petition for a period of six and one-half weeks. [Lodged Doc. 9, Ex. 1 at 2–3.] Petitioner provides some proof of his placement in administrative segregation, and of his effort to obtain access to the law library during this period. [Lodged Doc. 9, Ex. 1, attachments.]

■ Even if the Court assumed that Petitioner established good cause for the delay of six and one-half weeks (or forty-six days) for the time he served in administrative segregation, there remains an additional ninety-three days of delay for which Petitioner has not offered any justification. Although not an exceptional delay under the appropriate circumstances, ninety-three days is substantially longer

than the thirty or sixty days contemplated by the Supreme Court in *Evans,* and is unjustified when Petitioner's third petition was nearly identical to the one he filed in the lower court. Thus, Petitioner fails to establish that his 139 day delay in filing the third petition in the California Supreme Court was justified or reasonable. *See Livermore v. Watson,* 556 F.Supp.2d 1112, 1120 (E.D.Cal.2008) (finding that seventy-eight day interval was unreasonable under *Evans* ); *Culver v. Director of Corrections,* 450 F.Supp.2d 1135, 1140–41 (C.D.Cal.2006) (finding that intervals of ninety-seven days and seventy-one days were unreasonable under *Evans* ). Therefore, he is not entitled to a period of statutory tolling following the denial of the second habeas petition by the court of appeal on December 14, 2006.

In sum, Petitioner is entitled to statutory tolling from August 6, 2006, when he mailed his first state petition, through December 14, 2006, when the court of appeal denied his second petition. The federal statute of limitations expired on December 18, 2006, four days after the denial of habeas relief by the court of appeal, and approximately six months before Petitioner filed the instant Petition. Accordingly, the motion to dismiss should be granted.

**B. Actual Innocence**

■ Petitioner invokes the actual innocence exception to the statute of limitations. In *Schlup v. Delo,* 513 U.S. 298, 316, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995), the United States Supreme Court enunciated an "actual innocence" exception to the procedural default rule, which applies when a petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Id.* at 316, 115 S.Ct. 851. Neither the Supreme Court nor the Ninth Circuit has addressed whether the actual innocence exception applies in the statute of limitations context. *See Majoy v. Roe,* 296 F.3d 770, 776–77 (9th Cir.2002): *cf. Lisker v. Knowles,* 463 F.Supp.2d 1008, 1032–33 (C.D.Cal.2006) (finding that the actual innocence exception did apply where the petitioner provided evidence to satisfy the *Schlup* standard).

■ Not only does Petitioner fail to present evidence of innocence so strong that the Court cannot have confidence in the outcome of the trial, he fails to present any evidence of innocence at all. Instead, he alleges misconduct on the part of the prosecution and his defense attorney. He also alleges the victim lied. Petitioner's allegations do not amount to "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." *Schlup,* 513 U.S. at 316, 115 S.Ct. 851. Accordingly, Petitioner does not meet the *Schlup* standard for obtaining relief from the application of the statute of limitations.

### Recommendation

For the reasons discussed above, IT IS RECOMMENDED that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) directing that judgment be entered granting the Motion to Dismiss and dismissing the Petition with prejudice.