**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

RONALD VELASQUEZ,
*Petitioner-Appellant,*

v.

RICHARD KIRKLAND, Warden,
*Respondent-Appellee.*

No. 08-55823

D.C. No.
2:07-cv-01813-
ODW-MAN

OPINION

Appeal from the United States District Court
for the Central District of California
Otis D. Wright, District Judge, Presiding

Argued and Submitted
January 10, 2011—Pasadena, California

Filed May 10, 2011

Before: Diarmuid F. O'Scannlain, William A. Fletcher, and
Richard R. Clifton, Circuit Judges.

Opinion by Judge O'Scannlain

**COUNSEL**

Marilee Marshall, Marilee Marshall & Associates, Inc., Los Angeles, California, argued the cause for the appellants and filed briefs.

Susan S. Kim, Deputy Attorney General, Los Angeles, California, argued the cause for the appellee and filed a brief. With her on the brief were Edmund G. Brown, Jr., Attorney General of California, Dane R. Gillette, Chief Assistant Attorney General, Pamela C. Hamanaka, Senior Assistant Attorney General, and Jason C. Tran, Deputy Attorney General, Los Angeles, California.

---

**OPINION**

O'SCANNLAIN, Circuit Judge:

We must decide whether the one-year statute of limitations for filing a federal habeas corpus petition is tolled during a California state prisoner's delays between his state-court petitions for collateral review.

I

A

In 2001, Ronald Velasquez was convicted of first-degree murder by a jury in California state court for the killing of Michael Roybal and was sentenced to a term of sixty years to life in prison. Following his conviction, Velasquez appealed to the California Court of Appeal, claiming that the trial court committed a number of errors and that his trial counsel was ineffective. The Court of Appeal affirmed Velasquez's conviction, and the California Supreme Court denied his petition for review on November 12, 2003. Because Velasquez did not

seek to file a petition for a writ of certiorari in the United States Supreme Court, his conviction became final ninety days later, on February 10, 2004. *See* Sup. Ct. R. 13.1; *Wixom v. Washington*, 264 F.3d 894, 897 (9th Cir. 2001).

On February 4, 2005, nearly one year after his conviction became final, Velasquez filed a petition for writ of habeas corpus in California superior court, alleging various violations of his constitutional rights. The court denied Velasquez's petition, and he responded by filing a request for reconsideration along with several supplemental exhibits in support. On April 26, 2005, the superior court issued an order denying Velasquez's request and indicating that his petition "remain[ed] denied."

Ninety-two days later, on July 27, 2005, Velasquez filed a habeas petition in the California Court of Appeal.[1] On September 19, 2005, the court of appeal denied the petition, stating simply, "Petition for Writ of Habeas Corpus is DENIED." Eighty-one days later, on December 9, 2005, Velasquez filed a habeas petition in the California Supreme Court. The court ordered an informal response on the merits of Velasquez's petition from the State, pursuant to what was then Rule 60 of the California Rules of Court.[2] After the response and Velasquez's reply were filed, the court denied Velasquez's petition, stating simply, "Petition for writ of habeas corpus is DENIED." At all times, Velasquez was represented by counsel.

---

[1] Under California's original writ system, a prisoner seeking review of a lower court's denial of a habeas petition must file another habeas petition, rather than a notice of appeal, in the relevant appellate court. *See Carey v. Saffold*, 536 U.S. 214, 221-22 (2002).

[2] Now numbered Rule 8.385(b)(1), this rule provides that "[b]efore ruling on the [habeas] petition, the court may request an informal written response from the respondent, the real party in interest, or an interested person."

B

On March 19, 2007, five days after the California Supreme Court denied his final state habeas petition—and more than three years after his conviction for first-degree murder became final—Velasquez filed a habeas petition in the United States District Court for the Central District of California.

The matter was referred to a magistrate judge, and the government moved to dismiss Velasquez's petition as untimely under the one-year statute of limitations provided by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See* 28 U.S.C. § 2244(d)(1). Velasquez argued that under AEDPA, the statute of limitations should be tolled for the periods during which his counsel prepared to file his various habeas petitions in California state court. The magistrate filed a Report and Recommendation rejecting Velasquez's argument and recommending that the motion to dismiss be granted. Velasquez objected to the Report and Recommendation, arguing that he should receive both statutory tolling under AEDPA as well as equitable tolling. After stating that it "ha[d] conducted a *de novo* review of those matters to which objections ha[d] been stated" the district court concluded that no evidentiary hearing was needed and adopted the magistrate's recommendation in full. The court entered judgment dismissing Velasquez's petition with prejudice, from which Velasquez timely appeals.[3]

---

[3]Velasquez requested a certificate of appealability ("COA") in the district court, arguing that he is entitled to both statutory and equitable tolling under AEDPA. The district court denied Velasquez's request, but thereafter, we granted Velasquez a COA on the issue of "whether the district court properly dismissed appellant's 28 U.S.C. § 2254 petition as untimely, including whether appellant is entitled to statutory 'gap' tolling." To the extent that the COA does not encompass Velasquez's equitable tolling argument, we construe his opening brief as a motion to broaden the COA and grant it.

II

The only issue on appeal is whether the district court erred in determining that Velasquez's federal habeas petition is untimely. AEDPA requires a state prisoner to seek federal habeas corpus relief within one year after the date on which his conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). Velasquez's conviction became final on February 10, 2004, and thus AEDPA's limitations period expired on February 10, 2005, absent any tolling. Velasquez filed his federal habeas petition 767 days overdue, on March 19, 2007. Accordingly, his petition is untimely unless the one-year limitations period was tolled for at least 767 days. Velasquez argues that he is entitled to both statutory and equitable tolling.

A

[1] We first consider whether Velasquez is entitled to statutory tolling. Under AEDPA, the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). "The time that an application for state post-conviction review is 'pending' includes the period between (1) a lower court's adverse determination, and (2) the prisoner's filing of a notice of appeal, *provided that* the filing of the notice of appeal is timely under state law."[4] *Evans v. Chavis*, 546 U.S. 189, 191 (2006). Thus, AEDPA's one-year limitations period is tolled both for the days during which California's courts actually considered Velasquez's habeas petitions as well as for the time between such petitions, provided that the petitions were timely filed. Because neither the California Court of Appeal nor the California Supreme Court gave a "clear indication" whether it deemed

---

[4]The Supreme Court has held that California's original-writ system, *see supra* note 1, functions the same as the more typical notice-of-appeal system for purposes of statutory tolling under AEDPA. *See Saffold*, 536 U.S. at 221-22.

Velasquez's requests for appellate review to be timely, we "must [ourselves] examine the delay in each case and determine . . . whether the filing of the request for state-court appellate review" would be considered timely under California law.[5] *Evans*, 546 U.S. at 198.

California courts have given scant guidance as to what the State considers a "reasonable" length of time to file an application for review, but the issue is relatively familiar to the Supreme Court and to us. In *Carey v. Saffold*, the Supreme Court explained that, despite its indeterminacy, California's system is materially similar to the systems of other states with concrete deadlines. *See* 536 U.S. at 222-23. Until California's courts or legislature indicate otherwise, we must interpret California's reasonableness standard in a way that does "not lead to filing delays substantially longer than those in States with determinate timeliness rules." *Evans*, 546 U.S. at 200. Specifically, we compare Velasquez's delays to the " 'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal." *Id.* at 201 (alteration in original) (quoting *Saffold*, 536 U.S. at 219).

**[2]** Under the Supreme Court's guidance, we have declined to toll AEDPA's statute of limitations for California prisoners

---

[5]Each court denied Velasquez's petition by stating simply, "Petition for Writ of Habeas Corpus is DENIED." Velasquez argues that these courts implicitly found his petitions to be timely, because they did not expressly deny such petitions as *untimely*. In support, he adds that the California Supreme Court took the extra step of requesting briefing on the merits of his petition. But because a "court will sometimes address the merits of a claim that it believes was presented in an untimely way," *Saffold*, 536 U.S. at 225, even "the appearance of the words 'on the merits' does not automatically warrant a holding that the filing was timely," *Evans*, 546 U.S. at 197. "[T]he fact that the California Supreme Court did not include the words 'on the merits' in its order denying [Velasquez] relief makes it *less* likely . . . that the California Supreme Court believed that [Velasquez's] delay was reasonable." *Id.* At bottom, the summary denials by California's appellate courts shed little light on whether such courts found Velasquez's petitions timely.

with delays similar to those in this case. For instance, we have held that unexplained gaps as short as 115 and 101 days between habeas petitions are "unreasonable" under California law. *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam); *see also Banjo v. Ayers*, 614 F.3d 964, 970 (9th Cir. 2010) (holding that an unexplained gap of 146 days was unreasonable). District courts within our Circuit have found even shorter gaps of time to be unreasonable. *See, e.g.*, *Bennett v. Felker*, 635 F. Supp. 2d 1122, 1126-27 (C.D. Cal. 2009) (ninety-three days); *Culver v. Dir. of Corr.*, 450 F. Supp. 2d 1135, 1140 (C.D. Cal. 2006) (ninety-seven days).

**[3]** Here, each of the gaps between Velasquez's state habeas petitions is far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's "reasonable time" requirement. First, ninety-one days passed between the denial of Velasquez's first petition and the date that he filed his second petition in the court of appeal. Such gap is a full month longer than the upper end of the Supreme Court's benchmark. Moreover, this gap is only ten days shorter than the 101-day gap we held unreasonable in *Chaffer*. Similarly, Velasquez filed his petition in the California Supreme Court eighty-one days after his petition in the court of appeal was denied. Once again, this is nearly a full month beyond the deadline in most states.

Without an adequate explanation for these lengthy delays, and without an indication from the California courts that the petitions are timely in state court, we conclude that they are untimely under California law. *See Chaffer*, 592 F.3d at 1048. But Velasquez offers little to justify his tardiness. Unlike many habeas petitioners, Velasquez was represented by counsel at all stages; he cannot rely on legal inexperience to excuse the delays. Moreover, each of Velasquez's habeas petitions is nearly identical to the petition that came before it. It is not reasonable that Velasquez's counsel would need excess time essentially to re-file an already-written brief. *See Waldrip v. Hall*, 548 F.3d 729, 737 (9th Cir. 2008).

Velasquez offers only the relatively weak explanation that his counsel delayed filing the petitions as she searched for Dalila Mejia, a witness who had entered a witness protection program.[6] First, it is unclear from the record how diligently his counsel worked to find Mejia. Second, even assuming that counsel was diligent, Mejia's testimony does not appear to be nearly as crucial to Velasquez's petition as he claims. Mejia's statement does not provide a new basis for granting habeas relief, but at most gives some evidence to question the veracity of a single witness at Velasquez's trial. Finally, and most importantly, it is not clear how the search for Mejia could justify Velasquez's late filings, considering that each time he finally got around to filing his petition, he had *not yet* been able to locate Mejia. In other words, ultimately Mejia's absence never prevented him from filing a petition, and it is thus unclear why such absence necessitated any delay beyond the thirty-to-sixty-day range.[7]

[4] With no adequate justification for the eighty- and ninety-one day filing delays, and with no indication from the California courts to the contrary, we are left with the conclusion that such delays are "unreasonable" in California. Velasquez's state petitions were therefore untimely, and he is not entitled to statutory tolling of AEDPA's one-year statute of limitations.

B

---

[6]According to Velasquez, his counsel worked for over a year to get in contact with Mejia, who was present the night of the shooting. In a short declaration obtained by Velasquez's counsel, Mejia states that Roberta Benavides, who testified at trial that she saw Velasquez perform the shooting, had earlier told Mejia that she did not know who the shooter was. Velasquez argues that this declaration corroborates his claim that he was convicted based upon false testimony.

[7]Once Mejia was finally located, Velasquez filed a supplemental exhibit to his already-filed California Supreme Court petition. This suggests that there was indeed a reasonable way of handling Mejia's absence while still filing the petitions in a timely manner.

**[5]** We next consider whether the one-year limitations period should be tolled for equitable reasons. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (internal quotation marks omitted). Velasquez must show that some "external force" caused his untimeliness, rather than mere "oversight, miscalculation or negligence." *Waldron-Ramsey v. Pacholke*, 556 F.3d 1008, 1011 (9th Cir. 2009) (internal quotation marks omitted). In other words, Velasquez must have been delayed by circumstances "beyond [his] direct control," and not by his or his counsel's "own mistake." *Harris v. Carter*, 515 F.3d 1051, 1055 (9th Cir. 2008).

Velasquez argues that before *Evans v. Chavis*—which was decided after he filed his state petitions—he could not have been expected to rush through California's courts. Specifically, Velasquez claims that, before *Evans*, he could not have known that a state habeas petition denied "on the merits" could be considered untimely for purposes of statutory tolling under AEDPA. According to Velasquez, he had no warning that "the federal court would make its own determination as to whether his petition was timely," and his delays were therefore justified, because the California courts never expressly found his petitions to be late.

**[6]** Velasquez's argument fails for several reasons. First, *Evans* did not establish federal courts' independent authority to determine the timeliness of state habeas petitions. In *Saffold*—which was decided before Velasquez filed his state petitions—the Supreme Court noted that a state "court will sometimes address the merits of a claim that it believes was presented in an untimely way," and therefore rejected the notion that a state disposition "on the merits" precludes federal courts from considering timeliness independently. *Saffold*, 536 U.S. at 225. *Saffold* thus provided adequate notice that federal courts would address the timeliness of Velas-

quez's petition in the event that the California courts neglected to do so.

Second, Velasquez's supposed reliance on the law regarding *federal* courts' authority to find his state petitions untimely is illogical. Velasquez readily admits that he "knew that if the state court found his petition[s] untimely he would not be entitled to statutory tolling" under AEDPA. But the state court would necessarily make such a determination *after* Velasquez prepared and filed his petitions. In other words, he could not have possibly known (and relied upon) whether the California courts would dismiss his petitions as untimely or on the merits at the time when he delayed filing the petitions themselves.

**[7]** Finally, Velasquez's—or more accurately his attorney's—failure to recognize that California's reasonableness standard would render an eighty- or ninety-one-day delay untimely is not the result of an "external force" that made his timeliness impossible, but instead is the result of his own actions. Altogether, Velasquez has not demonstrated "extraordinary circumstances" that warrant tolling of AEDPA's one-year deadline. The district court did not err in denying Velasquez's request for equitable tolling.

## III

The district court's dismissal of Velasquez's federal habeas petition as untimely is

**AFFIRMED.**