**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| EDWIN BYRNES, III, | No. 07-15191 |
| Petitioner - Appellant, | D.C. No. CV-05-01169-MCE |
| v. | |
| MATTHEW C. KRAMER, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, District Judge, Presiding

Argued and Submitted January 14, 2011
Pasadena, California

Before: KOZINSKI, Chief Judge, ROTH[**] and CLIFTON, Circuit Judges.

Edwin Byrnes, III, appeals the district court's dismissal of his petition for

writ of habeas corpus under 28 U.S.C. § 2254 as untimely. We affirm.

---

      [*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

      [**]     The Honorable Jane R. Roth, Senior Circuit Judge for the Third Circuit, sitting by designation.

Byrnes is not entitled to statutory tolling of the statute of limitations for the 141-day period between the California Court of Appeal's denial of his second state habeas petition and the filing of his third state habeas petition in the California Supreme Court. Under AEDPA, the one-year limitations period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review . . . is pending," 28 U.S.C. § 2244(d)(2), provided that the petition is timely filed under state law. *Evans v. Chavis*, 546 U.S. 189, 193 (2006). Under California law, a petition is timely as long as it is filed within a reasonable length of time, which requires that a petitioner justify any substantial delay in filing. *Velasquez v. Kirkland*, — F.3d —, 2011 WL 1758718, *2 (9th Cir. May 10, 2011).

Byrnes' petition was not timely. First, the delay of 141 days was substantial. *See Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (holding that delays of 115 days and 101 days were both substantial); *see also Velasquez*, 2011 WL 1758718, at *2-3. Second, the justifications offered by Byrnes for the delay, his *pro se* status and his inability to access a typewriter, are inadequate. There is no right to counsel when filing a habeas petition in a non-capital case. *Miranda v. Castro*, 292 F.3d 1063, 1067-68 (9th Cir. 2002); *In re Sanders*, 21 Cal. 4th 697, 717 & n.11 (1999). *Pro se* status is not, itself, justification for late filing. *See In re Clark*, 5 Cal. 4th 750, 765 (1993) ("The burden [to explain and justify any

significant delay] is one placed even on indigent petitioners appearing in propria persona.").  Under federal law, an inmate has no right to use of a typewriter. *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985).  We are unaware of any California law that requires petitions to be typed, nor has Byrnes alleged any.  Accordingly, "[w]ithout an adequate explanation for the[] lengthy delay[], and without an indication from the California courts that the petition[] [was] timely in state court, we conclude that [the petition is] untimely under California law."  *Velasquez*, 2011 WL 1758718, at *3.

Nor is Byrnes entitled to equitable tolling.  Considering the vast number of hand-written petitions submitted to the court by *pro se* petitioners each year, there is nothing "extraordinary" about Byrnes' circumstances.  *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); c*f. Chaffer*, 592 F.3d at 1049 ("[P]ro se status, a prison library that was missing a handful of reporter volumes, and reliance on helpers who were transferred or too busy . . . these circumstances are hardly extraordinary given the vicissitudes of prison life . . . ."); *cf. also Velasquez*, 2011 WL 1758718, at *3-4.

**AFFIRMED**.

3