**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROBERT MASON, | No. 10-57047 |
| Petitioner - Appellant, | D.C. No. 3:09-cv-01551-JM |
| v. | |
| JAMES WALKER, Warden, | MEMORANDUM[*] |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Southern District of California
Jeffrey T. Miller, District Judge, Presiding

Submitted December 19, 2011[**]

Before:    GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

California state prisoner Robert Mason appeals pro se from the district

court's dismissal of his 28 U.S.C. § 2254 habeas petition as untimely. We have

jurisdiction under 28 U.S.C. § 2253, and we affirm.

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument. See Fed. R. App. P. 34(a)(2).

The district court granted Mason a certificate of appealability on the question of whether his habeas petition was properly dismissed as untimely. Mason does not address the timeliness of his habeas petition in his appellate briefs. Accordingly, he has waived the issue. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999). Moreover, even if the issue were not waived, Mason's federal habeas petition was untimely. *See* 28 U.S.C. § 2244(d)(1) (one-year statute of limitations for an application for a writ of habeas corpus for a person in state custody). The unexplained 356-day delay between the denial of his habeas petition in San Diego Superior Court and his filing of a habeas petition in the California Court of Appeal was unreasonable. *See Velasquez v. Kirkland*, 639 F.3d 964, 967-968 (9th Cir. 2011) (holding that unexplained gaps of 91 and 81 days were unreasonable). Accordingly, Mason is not entitled to statutory tolling of AEDPA's one-year statute of limitations during the gap between his state court filings. *See* 28 U.S.C. § 2244(d)(2). Mason's federal habeas petition was filed 295 days after the statute of limitations for the claims at issue in this appeal expired.

**AFFIRMED**.