FILED

NOT FOR PUBLICATION

AUG 08 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| PAUL THOMAS HURTH, | ) | No. 10-17575 |
| | ) | |
| Petitioner – Appellant, | ) | D.C. No. 1:05-cv-00597-OWW-JMD |
| | ) | |
| v. | ) | **MEMORANDUM**[*] |
| | ) | |
| ROSANNE CAMPBELL, | ) | |
| | ) | |
| Respondent – Appellee. | ) | |
| | ) | |

Appeal from the United States District Court
for the Eastern District of California
Oliver W. Wanger, Senior District Judge, Presiding

Argued and Submitted July 9, 2013
San Francisco, California

Before:     FERNANDEZ, PAEZ, and BERZON, Circuit Judges.

Paul Thomas Hurth appeals the district court's denial of his petition for

habeas corpus relief. See 28 U.S.C. § 2254. We affirm.

Hurth was convicted of voluntary manslaughter[1] after he slew the husband

of a woman with whom he was enamored. After his conviction and sentence were

---

[*]This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[1]Cal. Penal Code § 192(a).

upheld on direct appeal, he filed petitions for postconviction relief in the California courts, and when those were denied he filed a petition for habeas corpus in the district court. He argues that the district court erred when it determined that he failed to file within the one-year statute of limitations period established by the Antiterrorism and Effective Death Penalty Act of 1996. See 28 U.S.C. § 2244(d)(1). We disagree.

The statute of limitations began to run on November 12, 2002,[2] and his federal habeas corpus petition was filed on May 3, 2005. The petition was filed too late unless the statute was tolled by his applications for state postconviction relief. See § 2254(d)(2); Evans v. Chavis, 546 U.S. 189, 191–92, 126 S. Ct. 846, 848–49, 163 L. Ed. 2d 684 (2006). For purposes of this case, that comes down to a question of whether he filed his postconviction relief petition with the California Supreme Court within a reasonable time after his postconviction relief petition to the California Court of Appeal was denied. See Evans, 546 U.S. at 197–98, 126 S.

---

[2]See Bowen v. Roe, 188 F.3d 1157, 1158–59 (9th Cir. 1999). Hurth suggests that the period might have started later because he did not discover the jury taint problem that he now points to until after the period would ordinarily start. However, he did not raise that issue in the district court or in his petition for a Certificate of Appealability. It is waived. See White v. Martel, 601 F.3d 882, 885 (9th Cir. 2010). In any event, on this record it is meritless. In fact, he conceded that he knew of the jury taint issue before his direct appeals became final.

2

Ct. at 852; Carey v. Saffold, 536 U.S. 214, 222, 122 S. Ct. 2134, 2139, 153 L. Ed. 2d 260 (2002). He did not. A postconviction relief petition should be filed "'as promptly as the circumstances allow. . . .'" Walker v. Martin, __U.S. __, __, 131 S. Ct. 1120, 1125, 179 L. Ed. 2d 62 (2011); see also In re Clark, 5 Cal. 4th 750, 765 n.5, 855 P.2d 729, 738 n.5, 21 Cal. Rptr. 2d 509, 518 n.5 (1993). We have stated that, in general, any delays should not be substantially longer than the thirty-to-sixty-day time limits that most other states use. See Velasquez v. Kirkland, 639 F.3d 964, 967, 968 (9th Cir. 2011) (finding eighty-one days excessive); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (finding 101 days excessive); see also Evans, 546 U.S. at 199–201, 126 S. Ct. at 853–54.

The court of appeal denied Hurth's postconviction relief petition on February 20, 2004. Hurth was represented by the same counsel throughout the state postconviction proceedings, but he waited seventy days to file a postconviction petition with the California Supreme Court. That petition was an essentially verbatim copy of his petition to the court of appeal. The delay is unexplained, and in the absence of an "adequate explanation"[3] we cannot see why there was "any delay beyond the thirty-to-sixty-day range."[4] Thus, the statute of limitations was not tolled because the postconviction relief petition was untimely.

_____

[3]Velasquez, 639 F.3d at 968.

[4]Id.

See <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 417, 125 S. Ct. 1807, 1814, 161 L. Ed. 2d 669 (2005); <u>Bonner v. Carey</u>, 425 F.3d 1145, 1149 (9th Cir. 2005).[5]

AFFIRMED.

---

[5]Because Hurth's habeas corpus petition was untimely, we do not reach the merits of his claim of jury taint.