**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

SEP 03 2013

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOSE OSVALDO ARTEAGA, | No. 09-56004 |
| Petitioner - Appellant, | D.C. No. 2:08-cv-00599-DDP-RC |
| v. | |
| KATHLEEN ALLISON, Warden, | MEMORANDUM* |
| Respondent - Appellee. | |

Appeal from the United States District Court
for the Central District of California
Dean D. Pregerson, District Judge, Presiding

Argued and Submitted August 7, 2013
Pasadena, California

Before: SILVERMAN and WARDLAW, Circuit Judges, and CEDARBAUM,
Senior District Judge.**

Jose Osvaldo Arteaga appeals the denial of his petition for a writ of habeas

corpus as untimely under the 1-year limitations period set forth in 28 U.S.C. §

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Miriam Goldman Cedarbaum, Senior District Judge
for the U.S. District Court for the Southern District of New York, sitting by
designation.

2244(d)(1)(A). We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), and reverse and remand in part and affirm in part.

While acknowledging that his federal habeas petition was filed after the 1-year limitations period had elapsed, Arteaga argues that AEDPA's tolling provision, 28 U.S.C. § 2244(d)(2), renders it timely. That provision states that: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." In addition, the gaps between state court denials of habeas petitions and the filing of subsequent state habeas petitions are subject to tolling as well, if the petitions were timely filed; and, in California, where there are no fixed deadlines, the petitions must simply be filed within a "reasonable time." *Evans v. Chavis*, 546 U.S. 189, 192-93 (2006) (quoting *In re Harris*, 5 Cal. 4th 813, 828 n.7 (1993)); *Carey v. Saffold*, 536 U.S. 214, 220-23 (2002); *Velasquez v. Kirkland*, 639 F.3d 964, 967 (9th Cir. 2011). The state courts' silence as to timeliness cannot resolve the dispute here. *Saffold*, 536 U.S. at 225-27; *Chavis*, 546 U.S. at 193-95. Federal law requires that we determine whether the state habeas petitions were timely filed. *See also Velasquez*, 639 F.3d at 967 n.5.

The gaps between the end of the direct appeal and the filing of the first state habeas petition in Los Angeles County Superior Court, between the denial of the first petition and the filing of the second petition in the California Court of Appeal, between the denial of the second petition and the filing of the third petition in the California Supreme Court, and between the denial of the third state petition and the filing of the federal habeas petition, are 222, 178, 76, and 7 days, respectively. Combined, these gap periods exceed the 1-year limitations period. The California Supreme Court has stated that "to avoid the bar of untimeliness, *petitioner* has the burden of establishing either (i) 'absence of substantial delay', (ii) 'good cause for the delay', or (iii) that his claims fall within an exception to the bar of untimeliness." *In re Gallego*, 18 Cal. 4th 825, 838 (1998) (internal citations omitted).

Arteaga claims in his sworn declaration that prison lockdowns, work conflicts, and library access protocols explain his delays in filing the state habeas petitions. The government introduced a declaration from the prison's Senior Librarian that showed Arteaga worked in the library on four days in October 2006, but this rebutted only a small fraction of the lack of access Arteaga claimed. If we credit Arteaga's declaration and his arguments based upon it, his petitions may well have been timely under California law and therefore subject to "gap tolling."

Given the competing declarations, the district court should have held an evidentiary hearing, as required by our precedent. *Laws v. Lamarque*, 351 F.3d 919, 923-25 (9th Cir. 2003); *Buffalo v. Sunn*, 854 F.2d 1158, 1165 (9th Cir. 1988).

We express no judgment on whether Arteaga will ultimately be entitled to statutory tolling, only that this dispute cannot be resolved on this incomplete record. On remand, the district court must conduct an evidentiary hearing to determine whether Arteaga has good reason for his delays, and may order any other discovery necessary to develop the record.

While there is a dispute as to Arteaga's actual access to the law library during the gap periods, he has failed to demonstrate the "extraordinary circumstances" that would justify equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2560-62 (2010); *Roy v. Lampert*, 465 F.3d 964, 969 (9th Cir. 2006). Therefore, we reverse and remand in part as to the statutory tolling argument, and affirm as to the equitable tolling argument.

The request to certify the uncertified actual-innocence claim is denied. *Miller–El v. Cockrell*, 537 U.S. 322, 336 (2003).

**REVERSED AND REMANDED in part; AFFIRMED in part.**