

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| SERGIO PEREZ GONZALEZ, | ) | No. 12-17374 |
| | ) | |
| Petitioner - Appellant, | ) | D.C. No. 5:08-cv-03916-RMW |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| EDMUND G. BROWN, Jr., | ) | |
| Governor; BOARD OF PAROLE | ) | |
| HEARINGS; RANDY GROUNDS, | ) | |
| Warden, | ) | |
| | ) | |
| Respondents - Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the Northern District of California
Ronald M. Whyte, Senior District Judge, Presiding

Submitted November 19, 2014[**]
San Francisco, California

Before: NOONAN, FERNANDEZ and IKUTA, Circuit Judges.

Sergio Perez Gonzalez appeals the district court's denial of his petition for

_____

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

habeas corpus relief.  See 28 U.S.C. § 2254.  We affirm.

Gonzalez was serving an indeterminate sentence of 15 years to life for second degree murder, and was denied parole by the California Board of Parole Hearings.  He argues that the district court erred when it determined that he failed to file within the one-year statute of limitations established by the Antiterrorism and Effective Death Penalty Act of 1996.  See 28 U.S.C. § 2244(d)(1).  We disagree.

The statute of limitations began to run on September 23, 2006, and his federal habeas corpus petition was filed August 15, 2008.  The petition was filed too late unless the statute was tolled because his properly filed applications for state habeas corpus relief were pending.  See 28 U.S.C. § 2244(d)(2); Evans v. Chavis, 546 U.S. 189, 191–92, 126 S. Ct. 846, 848–49, 163 L. Ed. 2d 684 (2006); Shelby v. Bartlett, 391 F.3d 1061, 1065 (9th Cir. 2004).  For purposes of this case, that comes down to a question of whether Gonzalez's habeas corpus petition to the California Court of Appeal was filed within what the state of California would consider a "reasonable time" following the denial of his habeas corpus petition to the California Superior Court.  See Chavis, 546 U.S. at 197–98, 126 S. Ct. at 852; Carey v. Saffold, 536 U.S. 214, 222, 122 S. Ct. 2134, 2139, 153 L. Ed. 2d 260 (2002).  He did not.

2

A post conviction relief petition should be filed "'as promptly as the circumstances allow . . . .'" Walker v. Martin, __ U.S. __, 131 S. Ct. 1120, 1125, 179 L. Ed. 2d 62 (2011); see also In re Reno, 55 Cal. 4th 428, 460, 283 P.3d 1181, 1207–08, 146 Cal. Rptr. 3d 297, 328–29 (2012); In re Clark, 5 Cal. 4th 750, 765 n.5, 855 P.2d 729, 738 n.5, 21 Cal. Rptr. 2d 509, 518 n.5 (1993). The United States Supreme Court has instructed us that, absent any guidance from the California Supreme Court, an unjustified delay of longer than thirty to sixty days is not reasonable. Chavis, 546 U.S. at 201, 126 S. Ct. at 854; see Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (eighty and ninety-one days excessive); see also Stewart v. Cate, 757 F.3d 929, 936 (9th Cir. 2014) (100 days without "good cause" excessive), cert. denied, __ U.S. __, 135 S. Ct. 341, __ L. Ed. 2d __ (2014); Chaffer v. Prosper, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (115 days with no justification or explanation excessive).

The Superior Court denied Gonzalez's habeas corpus petition on October 11, 2007. Gonzalez was represented by the same counsel throughout the state habeas corpus proceedings, but Gonzalez waited 116 days to file a habeas corpus petition with the Court of Appeal. The petition was much the same as his petition to the Superior Court. The delay is essentially unexplained, and in the absence of an

3

"adequate explanation"[1] we cannot see why there was "any delay beyond the thirty-to-sixty-day range."[2]  Thus, because the habeas corpus petition to the California Court of Appeal was untimely, the statute of limitations was not tolled.[3]

AFFIRMED.

---

[1]Velasquez, 639 F.3d at 968.

[2]Id.

[3]Gonzalez relies on California cases that, in general, do not actually change the basic rule we have noted above.  See In re Burdan, 169 Cal. App. 4th 18, 31, 86 Cal. Rptr. 3d 549, 558 (2008) (in the case of an unrepresented prisoner challenging a parole decision, a delay of ten months was not unreasonable); In re Crockett, 159 Cal. App. 4th 751, 758, 71 Cal. Rptr. 3d 632, 636–37 (2008) (delay was adequately explained; jurisdictional issue lacked clarity); but cf. In re Hunter, 205 Cal. App. 4th 1529, 1536–37, 141 Cal. Rptr. 3d 350, 355 (2012) (suggests that there are essentially no time limits, a dubious proposition that would completely undermine the statute of limitations and that we doubt would find favor with the California Supreme Court).  Moreover, the Supreme Court has indicated that we are to look to the California Supreme Court for further explanation or guidance in this area.  See Chavis, 546 U.S. at 198, 126 S. Ct. at 852.  While the California Supreme Court has noted that "[c]ourts have not strictly applied Clark's formulation of the rules regarding timeliness and their limited exceptions to cases in which the habeas corpus petition does not attempt to collaterally attack the petitioner's conviction or sentence," Gomez v. Superior Court, 54 Cal. 4th 293, 309, 278 P.3d 1168, 1178-79, 142 Cal. Rptr. 3d 808, 820 (2012), the California Supreme Court has not overruled the holding in Clark that a petition must be filed without delay absent good cause, with no exception for parole challenges.