**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

CHRISTOPHER JOSEPH MAES,
*Petitioner-Appellant*,

v.

FRANK X. CHAVEZ, Warden,
*Respondent-Appellee*.

No. 13-16523

D.C. No.
2:12-cv-01634-
KJM-DAD

OPINION

Appeal from the United States District Court
for the Eastern District of California
Kimberly J. Mueller, District Judge, Presiding

Argued and Submitted
April 13, 2015—San Francisco, California

Filed July 7, 2015

Before: Alex Kozinski and Susan P. Graber, Circuit
Judges, and Michael A. Ponsor,* Senior District Judge.

Opinion by Judge Ponsor

---

* The Honorable Michael A. Ponsor, Senior United States District Judge for the District of Massachusetts, sitting by designation.

## SUMMARY[**]

### Habeas Corpus

The panel affirmed the dismissal as untimely of a habeas corpus petition brought under 28 U.S.C. § 2254.

The time during which the petitioner's state-court habeas petition was pending was not counted against the one year that he had to file his federal petition. The panel held that the petitioner was not entitled to additional tolling for the time during which he could have, but did not, file a further petition for habeas relief in California state court.

### COUNSEL

Faye Arfa (argued), Los Angeles, California, for Petitioner-Appellant.

Kamala D. Harris, Attorney General; Michael P. Farrell, Senior Assistant Attorney General; Brian G. Smiley and Michael A. Canzoneri, Supervising Deputy Attorneys General; Justin Riley (argued), Deputy Attorney General, Sacramento, California; for Respondent-Appellee.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**OPINION**

PONSOR, District Judge:

After his state court conviction became final on April 12, 2011, Petitioner Christopher Maes had one year to file any federal habeas corpus petition. 28 U.S.C. § 2244(d). Two days shy of one year, Maes filed a petition for habeas corpus in the state superior court. The period during which this "properly filed" state petition was "pending" was not counted against the year that Maes had to file his federal petition. *Id.* § 2244(d)(2). This uncounted period ended on May 7, 2012, when the Superior Court of Shasta County, California, denied his state habeas petition, leaving Maes two days to file for federal habeas relief. Because Maes waited until May 15, 2012, to file a federal petition, the district court dismissed it as untimely. Maes now appeals, arguing that he had at least sixty days after the denial of his state habeas petition to file for federal habeas relief. We disagree and affirm the district court's decision to dismiss.

I.

The procedural background of this case may be succinctly summarized. On April 8, 2009, Christopher Maes was convicted by a jury in Shasta County, California, of failing to provide notice of a change of address as a registered sex offender. As a three-time serious felon, Maes was sentenced to twenty-five years to life in state prison. Cal. Penal Code § 1170.12(c)(2)(A).

Maes unsuccessfully sought direct appellate review. On October 21, 2010, the California Court of Appeal affirmed his conviction. The California Supreme Court denied his next

appeal on January 12, 2011. Maes had ninety days to seek further direct review via a writ of certiorari to the U.S. Supreme Court. Maes did not take this step, and it is now undisputed that, for statute of limitations purposes, the direct appeal of his conviction became final on April 12, 2011. 28 U.S.C. § 2244(d)(1)(A).

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal habeas petitions are subject to a one-year statute of limitations. *Id.* § 2244(d). This one-year clock began ticking for Maes on April 13, 2011.

As noted above, on April 10, 2012, two days before the end of the one-year limitations period, Maes filed a petition for a writ of habeas corpus with the state superior court. On May 7, 2012, the Shasta County Superior Court denied this petition. Under California law, Maes had the right to present a new state habeas petition to the next level of the California court system. Maes, however, chose not to file any further petition in state court. Instead, he decided to file a petition for habeas corpus in the U.S. District Court for the Eastern District of California on May 15, 2012.

Respondent moved to dismiss the federal petition as time-barred. The district court adopted the magistrate judge's Report & Recommendation and dismissed the petition, finding that the statute of limitations had expired. This ruling is now before us.

## II.

We have jurisdiction under 28 U.S.C. §§ 1291 and 2253. We review *de novo* a dismissal of a petition for writ of habeas corpus. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003).

Under AEDPA, the one-year statute of limitations begins to run on the date when the state-court conviction becomes final. *Id.* § 2244(d)(1)(A). To accommodate any collateral state court habeas proceeding, however, the statute provides that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation." *Id.* § 2244(d)(2).

The California habeas process contains a wrinkle that somewhat complicates the calculation of this uncounted period. Unlike other states, California does not have a statutorily mandated deadline by which a petitioner must file a notice of appeal to a higher state court of a lower court's denial of a habeas petition. Instead, each level in the California judicial system has original jurisdiction. Cal. Const. art. VI, § 10. To obtain review of an adverse ruling, a petitioner must file a *new* petition to each subsequent court within a reasonable time of the adverse lower court's decision. *See Carey v. Saffold*, 536 U.S. 214, 224 (2002) (explaining that in California "the only avenue for a prisoner to challenge the denial of his application in the superior court is to file a 'new petition' in the appellate court"). In light of this unusual system of collateral review, "AEDPA's statute of limitations will be tolled . . . only if the prisoner timely filed his subsequent petition in a higher state court." *Maxwell v. Roe*, 628 F.3d 486, 495–96 (9th Cir. 2010).

In California, so long as the state prisoner "filed a petition for appellate review within a 'reasonable time,' he could count as 'pending' (and add to the 1-year time limit) the days between (1) the time the lower state court reached an adverse decision, and (2) the day he filed a petition in the higher state court." *Evans v. Chavis*, 546 U.S. 189, 193 (2006) (citing

*Saffold*, 536 U.S. at 222–23).  In adopting this approach, the Supreme Court reasoned that, with the exception of the absence of an explicit deadline to file an appeal, California's collateral review process was similar to others states' systems.  *See Saffold*, 536 U.S. at 222 ("The upshot is that California's collateral review process functions very much like that of other States, but for the fact that its timeliness rule is indeterminate.").  Further, the Court concluded that, for subsequent petitions brought to higher California courts within a reasonable time, applying a retroactive tolling period would promote the principles of AEDPA's tolling statute: comity, finality, and federalism.  *Id.*

Maes now seeks to bend this tolling rule backwards.  He points out, correctly, that if he *had* filed a further petition for habeas relief in state court within a reasonable time following the lower state court's adverse ruling, then that reasonable period *would* have been excluded from the year he had to file for federal habeas relief.  He then argues, in essence, that he is entitled to have this same reasonable period uncounted in calculating the year available to file for federal habeas relief—even where he *has not filed anything* in state court.

The statute does not work that way.  Maes chose not to exhaust his full cycle of potential state law habeas relief.  By filing his federal petition without pursuing further habeas petitions before the higher California state courts, he effectively abandoned any effort to obtain a habeas remedy before the state court.  *See Welch v. Carey*, 350 F.3d 1079, 1083 (9th Cir. 2003) (en banc) (finding that a California petitioner who did not seek further review of his superior court petition abandoned his first full round of review and later embarked on a new round of review with a subsequent petition filed four years later).  The unavoidable fact,

therefore, is that, at the time Maes sought habeas relief before the federal court, he simply did not have pending "a properly filed application for State post-conviction or other collateral review." 28 U.S.C. § 2244(d)(2). Under these circumstances, he is not entitled to statutory tolling. *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

This conclusion flows inevitably from a common sense construction of the word "pending." § 2244(d)(2). "[A]n application is pending as long as the ordinary state collateral review process is 'in continuance'—*i.e.*, 'until the completion of' that process." *Saffold*, 536 U.S. at 219–20 (quoting Webster's Third New International Dictionary 1669 (1993)). Maes effectively accepted the decision of the state superior court, bringing an end to any process by which he sought state habeas relief. Accordingly, his state process was no longer "in continuance."

Adopting Maes's suggestion that he is entitled to a sixty-day—or perhaps thirty-day, or some other "reasonable"—period of time to file for federal habeas relief, when no properly filed state court proceeding is pending not only runs counter to the plain language of the statute, but it also disregards the purpose of AEDPA's tolling provision. The statute is "designed to protect the principles of comity, finality, and federalism, by promoting the exhaustion of state remedies while respecting the interest in the finality of state court judgments." *Id.* at 222 (internal quotation marks omitted). Recognizing a hypothetical grace period enjoyed by a would-be federal habeas petitioner while no state court proceeding is pending does nothing to protect the integrity of California's habeas process, because no state process is in motion to protect.

To summarize, Maes's state law conviction became final on April 12, 2011. His AEDPA clock began to tick the next day. On April 10, 2012—363 days into the tolling period—Maes filed his state habeas petition. On May 7, 2012, the California Superior Court denied his petition. From April 10, 2012, to May 7, 2012, the limitations period for filing a federal petition was tolled. On May 15, 2012, when Maes filed his federal petition, he had had no state petition pending for more than a week. Because those days were countable, Maes's federal petition was filed more than 365 days after the one-year period began. He filed too late, and the district court's ruling dismissing his petition as untimely was perfectly correct.[1]

## III.

We cannot take pleasure in a result that deprives Maes of the opportunity to argue for federal habeas relief because of his failure to file his petition a few days earlier. Maes was sentenced to twenty-five years to life in prison based on his third serious criminal conviction, failure to provide notice of a change of residence as a registered sex offender. He now loses any meaningful opportunity for collateral review in the federal courts because he was unable, proceeding *pro se*, to navigate the intersection between California's convoluted habeas process and AEDPA. This result is regrettable but

---

[1] Even now, it is possible for Maes to file a petition with the state appellate court. If that court were to conclude that the petition was filed within a "reasonable time" under California's unique standard, Maes may have an argument for statutory tolling for the time between the superior court denial and the filing in the state appellate court. We express no opinion about this scenario, nor do we decide whether, if this scenario were to come to pass, Maes could seek Rule 60(b) reconsideration of the denial of his federal petition.

cannot justify an unsupported expansion of the one-year limitations period. All boundaries, including statutes of limitations, inevitably define positions slightly inside or slightly outside their limits, and Maes's petition clearly fell outside.

We have previously noted the difficulties that courts and litigants confront because of California's unique system of habeas review. *See*, *e.g.*, *Velasquez v. Kirkland*, 639 F.3d 964, 967 (9th Cir. 2011); *Gaston v. Palmer*, 447 F.3d 1165, 1167 (9th Cir. 2006). The Supreme Court has done the same. *See Evans*, 546 U.S. at 199 ("Alternatively, the California Legislature might itself decide to impose more determinate time limits, conforming California law in this respect with the law of most other States."). So far California has taken no steps to simplify its unwieldy habeas process. This creates work for judges and, more seriously, snares for litigants, as this case demonstrates.

**AFFIRMED.**