**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

MARTIN LEYVA VALDEZ, JR.,
*Petitioner-Appellant*,

v.

W. L. MONTGOMERY, Acting Warden,
*Respondent-Appellee*.

No. 16-56845

D.C. No.
5:16-cv-00567-
VAP-DTB

OPINION

Appeal from the United States District Court
for the Central District of California
Virginia A. Phillips, Chief District Judge, Presiding

Submitted February 5, 2019[*]
Pasadena, California

Filed March 14, 2019

Before: Ronald M. Gould, Jacqueline H. Nguyen, and
John B. Owens, Circuit Judges.

Opinion by Judge Gould

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

## SUMMARY[**]

### Habeas Corpus

The panel affirmed the district court's dismissal of California state prisoner Martin Leyva Valdez, Jr.'s federal habeas petition as untimely under the Antiterrorism and Effective Death Penalty Act.

The parties agreed that the petition was untimely unless the statute of limitations was tolled from May 15, 2014—when the California Superior Court denied Valdez's first state habeas petition—until April 29, 2015—when Valdez filed his second state habeas petition in the California Court of Appeal.

Because the question of whether Valdez's second state habeas petition was timely filed in the Court of Appeal is an entirely distinct issue from whether his habeas petition in the Superior Court was timely filed, the panel held that the "look through" doctrine cannot answer whether the second state habeas petition was timely.

The panel held that Valdez is not entitled to statutory tolling. Because Valdez filed his second state habeas petition before the California Supreme Court decided *People v. Elizalde*, 351 P.3d 1010 (Cal. 2015), the panel rejected his contention that he can establish good cause for the delay by waiting until *Elizalde* was decided. The panel likewise rejected Valdez's contention that the size of the state-court

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

record and complexity of the case renders his delay reasonable and establishes good cause, where Valdez offered no explanation for why he could timely file his first petition but not his second.

The panel concluded that the district court did not err by not ordering the State to respond and lodge the state-court record.

---

**COUNSEL**

Stephanie M. Adraktas, Berkeley, California, for Petitioner-Appellant.

Xavier Becerra, Attorney General of California; Julie L. Garland, Senior Assistant Attorney General; Robin Urbanski, Supervising Deputy Attorney General; Sharon L. Rhodes, Deputy Attorney General; Vincent P. LaPietra, Deputy Attorney General; Office of the California Attorney General, San Diego, California; for Respondent-Appellee.

---

**OPINION**

GOULD, Circuit Judge:

We once again consider whether a California-state prisoner is entitled to statutory tolling under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Because we hold that Petitioner-Appellant Martin Valdez is not, we affirm the district court's dismissal of Valdez's federal habeas petition as untimely.

# I

Over the course of two jury trials, Valdez was convicted of murder, attempted murder, assault with a firearm, and robbery. *People v. Valdez*, No. E053309, 2013 WL 1770856, at *1 (Cal. Ct. App., Apr. 25, 2013) (unpublished). The trial court sentenced Valdez to life without the possibility of parole, plus seventy years to life, plus nine years. *Id.* Valdez appealed his conviction to the California Court of Appeal, which affirmed. *Id.* at *2. The California Supreme Court then denied Valdez's petition for review on July 31, 2013.

Valdez filed his first state habeas petition in California Superior Court on April 10, 2014. The court denied that petition on May 15, 2014. Almost one year later, in April 2015, Valdez filed his second state petition in the California Court of Appeal, asserting the same claims.[1] The court denied that petition without explanation. Valdez then filed his third state petition in the California Supreme Court on June 10, 2015, again raising the same claims. The court denied that petition without explanation.[2]

---

[1] California has a unique postconviction review system. Rather than appealing adverse decisions, prisoners must file a new, original habeas petition at each court level. In practice, however, California's system operates like a normal appellate system, and the Supreme Court and this court treat it as analogous to a normal appellate system. *See Evans v. Chavis*, 546 U.S. 189, 192–93 (2006); *Carey v. Saffold*, 536 U.S. 214, 221–25 (2002); *Curiel v. Miller*, 830 F.3d 864, 870 n.3 (9th Cir. 2016) (en banc).

[2] Valdez also filed a second round of state habeas petitions. Those petitions are irrelevant to this appeal, except as briefly discussed below.

Valdez constructively filed his current federal petition for writ of habeas corpus in the district court on March 1, 2016, raising the same claims he had raised in the state proceedings. After an initial review, the district court ordered Valdez to show cause why his petition should not be dismissed as untimely. Valdez responded that he is entitled to tolling because he was waiting for the California Supreme Court to decide *People v. Elizalde*, 351 P.3d 1010 (Cal. 2015), a case highly relevant to one of Valdez's claims.[3] Valdez also argued that tolling applies because his case is complex: it involved "two trials, over 6,000 pages of transcripts, and . . . the prosecution sought the death penalty."

The Magistrate Judge was not persuaded and recommended that the district court dismiss Valdez's petition as untimely. Valdez objected to the magistrate's findings and recommendations, but the district court adopted them and dismissed Valdez's petition.

Valdez filed a timely notice of appeal. We granted Valdez a Certificate of Appealability and appointed counsel. On appeal, Valdez contends that he is entitled to statutory tolling.[4] In the alternative, he contends that we should

---

[3] The State concedes *Elizalde* is relevant.

[4] The district court held that Valdez is not entitled to equitable tolling. Valdez does not challenge that holding on appeal. Any challenge is therefore waived. *See, e.g.*, *Bohmker v. Oregon*, 903 F.3d 1029, 1040 n.6 (9th Cir. 2018).

remand the case to the district court for further factual development.**[5]**

## II

Because Valdez's conviction became final and he filed his federal habeas petition after the enactment of AEDPA, AEDPA's one-year statute of limitations applies. *See Campbell v. Henry*, 614 F.3d 1056, 1058 (9th Cir. 2010). We review de novo the district court's dismissal of Valdez's federal habeas petition as untimely. *Id.*

## III

AEDPA "affords a state prisoner one year from the end of the direct review process in state court to apply in federal court for a writ of habeas corpus . . . ." *Campbell*, 614 F.3d at 1058. AEDPA's statute of limitations is tolled, however, while a "properly filed" state habeas petition is pending in state court. 28 U.S.C. § 2244(d)(2). "A state habeas petition is 'pending' as long as the ordinary state collateral review process continues." *Trigueros v. Adams*, 658 F.3d 983, 988 (9th Cir. 2011) (citing *Carey v. Saffold*, 536 U.S. 214, 219–20 (2002)).

We have previously held that if a California prisoner timely files his or her initial state habeas petition, AEDPA's statute of limitations is tolled while the state court considers the petition. *See, e.g.*, *Velasquez v. Kirkland*, 639 F.3d 964, 967 (9th Cir. 2011). In California, a state habeas petition is

---

**[5]** Valdez also contends that we should hold this case in abeyance pending the California Supreme Court's response to the question we certified in *Robinson v. Lewis*, 795 F.3d 926 (9th Cir. 2015). We find it unnecessary to do so. We can, and do, resolve this appeal based on current precedent.

"timely if filed within a 'reasonable time.'" *Evans v. Chavis*, 546 U.S. 189, 192 (2006) (quoting *In re Harris*, 855 P.2d 391, 398 n.7 (Cal. 1993)). If the state court denies that petition, then as long as the prisoner timely files another petition in a higher court, AEDPA's statute of limitations is tolled for "the days between (1) the time the lower state court reached an adverse decision, and (2) the day [the prisoner] filed a petition in the higher state court." *Id.* at 193; *see also Saffold*, 536 U.S. at 221–25. This is often referred to as "gap" tolling.

But if a California prisoner does not timely file his or her first state habeas petition, then the prisoner is not entitled to tolling. *See, e.g.*, *Bonner v. Carey*, 425 F.3d 1145, 1148–49 (9th Cir. 2005), *amended by* 439 F.3d 993 (9th Cir. 2006). Similarly, if a prisoner timely files his or her first state habeas petition but does not timely file a second petition, then the prisoner is not entitled to tolling for the period following the denial of the first petition. *See, e.g.*, *Velasquez*, 639 F.3d at 968 (prisoner was not entitled to statutory tolling because he waited 91 days after denial of his first state habeas petition to file his second, without explanation); *Chaffer v. Prosper*, 592 F.3d 1046, 1048 (9th Cir. 2010) (per curiam) (prisoner was not entitled to statutory tolling because he waited 115 days after denial of his first state habeas petition to file his second, without explanation).

The parties agree that unless the statute of limitations was tolled here from May 15, 2014—when the California Superior Court denied Valdez's first state habeas petition—until April 29, 2015—when Valdez filed his second state habeas petition in the California Court of Appeal—Valdez's federal habeas petition was untimely. Valdez "bears the burden of proving that the statute of limitation was tolled." *Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010). He makes

two contentions as to why he is entitled to tolling.  We address, and reject, both.

## A

Valdez first contends that, because the California Superior Court held that his first state habeas petition was timely, and the California Court of Appeal denied his second state habeas petition without explanation,[6] under the "look through" doctrine, we should presume that the Court of Appeal adopted the Superior Court's reasoning and held that Valdez's second state habeas petition was timely.

The "look through" doctrine provides that "[w]hen at least one state court has rendered a reasoned decision, but the last state court to reject a prisoner's claim issues an order 'whose text or accompanying opinion does not disclose the reason for the judgment,' we 'look through' the mute decision and presume the higher court agreed with and adopted the reasons given by the lower court." *Curiel v. Miller*, 830 F.3d 864, 870 (9th Cir. 2016) (en banc) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 802–06 (1991)).  That doctrine has universally been applied in cases where the court rendering a reasoned decision and a later court making a summary determination were facing precisely the same issue. *See, e.g.*, *Ylst*, 501 U.S. at 803 ("Where there has been one reasoned state judgment rejecting a federal claim, later unexplained orders upholding that judgment or rejecting the same claim rest upon the same ground."); *Bonner*, 425 F.3d at 1148–49, 1148 n.13 (looking through unexplained decisions of the California Court of Appeal and California Supreme Court to a California Superior Court decision

---

[6] Its decision states: "The petition for writ of habeas corpus is DENIED."

holding that a petition was untimely to conclude that the petition was untimely and the prisoner was not entitled to statutory tolling); *Casey v. Moore*, 386 F.3d 896, 918 n.23 (2004) ("We cannot 'look through' to see what the state appeals court did on the merits of Casey's case, because the merits of the federal issue were not raised until Casey appealed.").

For that reason, the "look through" doctrine does not provide a basis for holding that Valdez's second state habeas petition was timely. Whether Valdez's second state habeas petition was timely filed in the Court of Appeal is a different and entirely distinct issue from whether his habeas petition in the Superior Court was timely filed. *Cf. Kernan v. Hinojosa*, 136 S. Ct. 1603, 1606 (2016) (per curiam) ("look through" doctrine inapplicable where "[i]mproper venue could not possibly have been a ground for the high court's summary denial of Hinojosa's claim"). Specifically, the question here is whether Valdez timely filed his second state habeas petition in the Court of Appeal "within a 'reasonable time'" following the Superior Court's "adverse determination." *Chavis*, 546 U.S. at 191, 192–93 (quoting *In re Harris*, 855 P.2d at 398 n.7). The question is not whether Valdez's first state habeas petition was timely—a question the "look through" doctrine could answer. *See Bonner*, 425 F.3d at 1148–49, 1148 n.13. Because the "look through" doctrine cannot answer whether Valdez's second state habeas petition was timely, we address that question ourselves.

**B**

If a California court has held that a state habeas petition was timely or untimely, we are bound by that decision. *See Robinson v. Lewis*, 795 F.3d 926, 929 (9th Cir. 2015) ("If a California court states it has dismissed a state habeas petition

because the petition was untimely, 'that would be the end of the matter.'" (quoting *Saffold*, 536 U.S. at 226)); *Trigueros*, 658 F.3d at 990 ("[W]e rely on the California Supreme Court's orders practice explained in *Robbins* and conclude that it considered Trigueros's petition timely because the California Supreme Court had the timeliness question before it, and did not cite to cases involving a timeliness procedural bar."). Here, the California Court of Appeal dismissed Valdez's second state habeas petition without explanation. That decision does not provide a basis for concluding that the petition was timely. *See Chavis*, 546 U.S. at 197 ("If the appearance of the words 'on the merits' does not automatically warrant a holding that the filing was timely, the *absence* of those words could not automatically warrant a holding that the filing was timely." (emphasis in original)); *Curiel*, 830 F.3d at 871 ("The Supreme Court has admonished us in the past not to assume that a California court found a state habeas petition to be timely from the court's silence on the question.").

Instead, we "must . . . examine the delay . . . and determine what the state courts would have held in respect to timeliness." *Chavis*, 546 U.S. at 198. The question is whether Valdez filed his second state habeas petition "within a 'reasonable time.'" *Id.* at 192 (quoting *In re Harris*, 855 P.2d at 398 n.7). To answer that question, the U.S. Supreme Court has instructed that we reference the "'short period[s] of time,' 30 to 60 days, that most States provide for filing an appeal." *Id.* at 201 (alteration in original) (quoting *Saffold*, 536 U.S. at 219). Heeding that instruction, we have "indicated that the Supreme Court's 60-day limit is the 'benchmark' from which we will not depart without a showing of good cause," and we have held that unexplained delays of 81, 101, and 115 days are unreasonable. *Robinson*, 795 F.3d at 930–31.

Here, the California Superior Court denied Valdez's first state habeas petition on May 15, 2014. Valdez then filed his second state habeas petition on April 29, 2015. Because Valdez waited almost one year to file his second state petition (the gap was about two weeks short of a year), it was untimely under our decisions unless Valdez can establish good cause. *See Robinson*, 795 F.3d at 929 ("California courts allow a longer delay if the petitioner demonstrates good cause." (citing *In re Robbins*, 959 P.2d 311, 317 (Cal. 1998)).

Valdez presses two arguments on this point. First, he contends that he waited to file his second state habeas petition until the California Supreme Court decided *Elizalde*, which establishes good cause. We reject that contention. Valdez filed his second state habeas petition before the California Supreme Court decided *Elizalde*, "so waiting until [*Elizalde*] was decided does not explain the delay." *Waldrip v. Hall*, 548 F.3d 729, 737 (9th Cir. 2008).[7] *In re Lucero*, 132 Cal. Rptr. 3d 499, 503–04 (Ct. App. 2011)—on which Valdez relies—is inapposite. Unlike the prisoner there, Valdez did not wait to file his second state habeas petition until after a new decision; he filed it before.

In the alternative, Valdez claims that his delay was reasonable because of the size of the state-court record and complexity of the case. This contention is likewise insufficient to establish good cause. Valdez timely filed his first state habeas petition. That petition raised the same claims he then raised in his second state petition. He has

---

[7] Valdez makes much of the fact that he filed a second round of habeas petitions based on *Elizalde*, asserting that doing so demonstrates his diligence. But that assertion does not explain why Valdez filed his second state habeas petition before *Elizalde* was decided.

offered no explanation for why he could timely file his first petition but not his second. *See Velasquez*, 639 F.3d at 968 ("[E]ach of Velasquez's habeas petitions is nearly identical to the petition that came before it.  It is not reasonable that Velasquez's counsel would need excess time essentially to re-file an already-written brief.").

In summary, the district court correctly held that Valdez is not entitled to statutory tolling.

**IV**

We next address Valdez's contention that the district court should not have dismissed his federal habeas petition without requiring the State to respond and lodge the state-court record.  Valdez contends that the district court could not determine whether his state habeas petitions were timely filed absent the state-court record.

A district court may summarily dismiss a federal habeas corpus petition *sua sponte* if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief . . . ."  Rule 4 of the Rules Governing Section 2254 Cases.  A district court should do so, however, only after "provid[ing] the petitioner with adequate notice and an opportunity to respond." *Herbst v. Cook*, 260 F.3d 1039, 1043 (9th Cir. 2001).  Moreover, because "federal habeas courts" have a duty to "independently [review] the basis for the state court's decision," a district court must "obtain and review the relevant portions of the state court record," or hold an evidentiary hearing, as necessary to discharge its duty. *Nasby v. McDaniel*, 853 F.3d 1049, 1053 (9th Cir. 2017).

Valdez, in his federal habeas petition, listed the date the California Supreme Court denied his petition for review on

direct appeal, the dates he filed his state habeas petitions, and the dates the state courts denied those petitions. The district court, after ordering Valdez to show cause and thereby providing Valdez "adequate notice and an opportunity to respond," *Herbst*, 260 F.3d at 1043, had Valdez's explanations for why he delayed in filing his second state habeas petition. Finally, the district court had the California Court of Appeal's decision dismissing Valdez's second state petition because Valdez attached that decision as an exhibit to his objections to the magistrate judge's findings and recommendations. As demonstrated in Section III, the foregoing information is all that is necessary to conclude that Valdez's federal habeas petition was untimely. The district court did not err by not ordering the State to respond and lodge the state-court record.[8]

## V

Because we conclude that Valdez is not entitled to statutory tolling for the period following the California Superior Court's denial of his first state habeas petition, Valdez's federal habeas petition is untimely, and we affirm the district court's dismissal of his petition.

**AFFIRMED.**

---

[8] Valdez asks us to take judicial notice of various state-court documents because they purportedly show why the district court needed to order the State to lodge the state-court record. Because we can, and do, affirm the district court's decision on the record before it, we **DENY** Valdez's motion for judicial notice as **MOOT**.