**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JACOB DANIEL WOLF, | No. 17-56963 |
| Petitioner-Appellant, | D.C. No. 2:17-cv-00726-JPR |
| v. | |
| JOE A. LIZARRAGA, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Central District of California
Jean Rosenbluth, Magistrate Judge, Presiding

Argued and Submitted November 8, 2019
Pasadena, California

Before: SCHROEDER and FRIEDLAND, Circuit Judges, and SILVER,** District
Judge.

Petitioner Jacob Wolf was convicted in California Superior Court of making

criminal threats and stalking. He appeals the district court's dismissal of his

federal habeas petition as untimely. We affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The Honorable Roslyn O. Silver, United States District Judge for the
District of Arizona, sitting by designation.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a state prisoner may petition for a writ of habeas corpus in federal court for one year after his conviction becomes final. 28 U.S.C. § 2244(d)(1)(A). The district court ruled that Wolf's conviction became final on February 10, 2015, when the time for directly appealing his conviction expired. Wolf contends that his conviction became final on May 11, 2015, when the time for seeking review of the California Court of Appeal's dismissal of his attempted appeal expired. But Wolf did not file his petition until January 25, 2017, so even assuming that his conviction became final on the date most favorable to Wolf, his federal habeas petition was filed more than one year later.

Congress has provided for statutory tolling of AEDPA's limitations period when state post-conviction review is pending. 28 U.S.C. § 2244(d)(2). In California, post-conviction review is considered pending both during lower court proceedings and also while the petitioner prepares to seek review from a higher court, provided the period between the time of the lower court decision and the time an appeal is filed is "reasonable." *Valdez v. Montgomery*, 918 F.3d 687, 690 (9th Cir. 2019). Generally, a reasonable time for filing an appeal is between 30 and 60 days. *Evans v. Chavis*, 546 U.S. 189, 201 (2006). Here, Wolf filed his third state habeas petition, which was nearly identical to his prior petitions, 175

days after the denial of his second state petition. He failed to adequately justify this unreasonable delay, and thus is not entitled to statutory tolling for that delay.

A petitioner may be entitled to equitable tolling of AEDPA's statute of limitations, however, if he diligently pursued his rights and extraordinary circumstances caused his late filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). Wolf argues that he was diligent and his delay was due to his attorney's negligence as well as to his own limited access to legal resources. We have held that ordinary attorney negligence is not an extraordinary circumstance. *See Doe v. Busby*, 661 F.3d 1001, 1012 (9th Cir. 2011). Moreover, Wolf was not even represented by an attorney for most of the 175-day delay between the denial of his second state petition and the filing of his third state petition. And, limitations on access to legal resources in prison are not considered extraordinary circumstances but are inherent in prison life. *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010). Wolf has not sufficiently alleged extraordinary circumstances caused excessive delay warranting equitable tolling.

The district court correctly ruled that Wolf's federal petition was untimely.

**AFFIRMED.**