NOT FOR PUBLICATION

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

FILED

MAR 22 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| PEDRO RODRIGUEZ,<br><br>    Petitioner-Appellant,<br><br> v.<br><br>FISHER, Officer,<br><br>    Respondent-Appellee. | No. 22-55658<br><br>D.C. No. 3:21-cv-01442-BAS-MSB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted February 15, 2024[**]
Pasadena, California

Before: BOGGS,[***] NGUYEN, and LEE, Circuit Judges.

Federal prisoner Pedro Rodriguez appeals the district court's granting of

Respondent Fisher's motion to dismiss Rodriguez's federal habeas petition for

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

[***]  The Honorable Danny J. Boggs, Senior Circuit Judge of the United States Court of Appeals for the Sixth Circuit, sitting by designation.

untimeliness. We have jurisdiction under 28 U.S.C §§ 1291 and 2253. We review de novo a district court's dismissal of a federal habeas petition as untimely. *Zepeda v. Walker*, 581 F.3d 1013, 1016 (9th Cir. 2009).

We affirm. Because the parties are familiar with the factual and procedural history of the case, we need not recount it here.

No one disputes that Rodriguez filed his federal habeas petition 531 days after the one-year AEDPA deadline. Instead, Rodriguez argues that he is entitled to statutory tolling of the time between the filing of his California Supreme Court habeas petition on July 5, 2019, and that court's eventual denial of the petition, after all intermediate proceedings, on July 14, 2021—a period of 740 days. If he is correct, then his federal habeas petition filed on July 28, 2021, would be timely.

*Statutory Tolling.* AEDPA's one-year statute of limitations is tolled if a properly filed application for habeas corpus is pending in state court. 28 U.S.C. § 2244(d)(2). "[A]n application is 'properly filed' when its delivery and acceptance are in compliance with the applicable [state] laws and rules governing filings." *Cross v. Sisto*, 676 F.3d 1172, 1176 (9th Cir. 2012) (citing *Artuz v. Bennett*, 531 U.S. 4, 8 (2000)). But an untimely state habeas petition is not properly filed, and thus cannot toll the AEDPA clock. *See, e.g.*, *Trigueros v. Adams*, 658 F.3d 983, 989 (9th Cir. 2011) ("[S]tatutory tolling under § 2244(d)(2) is unavailable where a state habeas petition is deemed untimely under California's timeliness standards.").

2

Here, by citing page 780 of *In re Robbins*, 18 Cal. 4th 770 (1998), the California Supreme Court clearly and unequivocally held that Rodriguez's state habeas petition was untimely. *Thorson v. Palmer*, 479 F.3d 643, 645 (9th Cir. 2007).[1] We are "bound by that decision." *Valdez v. Montgomery*, 918 F.3d 687, 692 (9th Cir. 2019). That is, in effect, the "end of the matter." *Robinson v. Lewis*, 795 F.3d 926, 929 (9th Cir. 2015).

Rodriguez cites *Walker v. Martin*, 562 U.S. 307, 312–21 (2011), for the proposition that an otherwise adequate state procedural rule could be inadequate as applied to a particular case if the petitioner can show that the state court imposed its rule in a "novel and unforeseeable" manner and without "fair or substantial support in prior state law." But the California Supreme Court's denial of Rodriguez's petition cannot be novel when "each year, the California Supreme Court summarily denies hundreds of habeas petitions by citing . . . *Robbins*." *Id.* at 318. Rodriguez may feel that the California Supreme Court ruled unfairly, but the court did not apply its timeliness bar "infrequently, unexpected, or freakishly." *Id.* at 320 (citation removed).[2]

---

[1] The California Supreme Court decision applicable here is *In re Rodriguez*, No. S256832, 2021 Cal. LEXIS 5019, at *1 (July 14, 2021).

[2] Further, to the extent that Rodriguez generally argues that California's timeliness bar is an inadequate procedural bar, "the adequacy analysis used to decide procedural default issues is inapplicable to the issue of whether a state petition was 'properly filed' for purposes of section 2244(d)(2)." *White v. Martel*, 601 F.3d 882, 884 (9th Cir. 2010).

3

Rodriguez further argues that his state habeas petition was in fact timely under California's own timeliness standards, and thus was not subject to the procedural bars that the court cited. But we only examine the delay in filing when no California court "[gives] a clear indication whether it deemed [the] requests for appellate review to be timely." *Velasquez v. Kirkland*, 639 F.3d 964, 967 (9th Cir. 2011) (cleaned up). Here, the California Supreme Court gave a clear indication that it deemed Rodriguez's request for review untimely.

Finally, Rodriguez makes two arguments specific to his ineffective-assistance-of-appellate-counsel claim. First, he argues that none of the procedural bars asserted by the California Supreme Court actually applied to his IAAC claim. But again, when that court cited page 780 of *In re Robbins*, it clearly and unequivocally held that his entire petition, including his IAAC claim, was untimely. *See Thorson*, 479 F.3d at 645.

Second, Rodriguez argues that the district court erred by failing to consider his IAAC claim separately and cites *Mardesich v. Cate*, 668 F.3d 1164, 1171 (9th Cir. 2012), in support. But that case does not support the claim that the district court was required to analyze the timeliness of all of his claims separately and then "consider the ineffectiveness of appellate counsel claim as a standalone, exhausted claim." The California Supreme Court clearly indicated that the basis for rejecting

4

all of Rodriguez's claims was timeliness, and we are bound by that decision. *Valdez*, 918 F.3d at 692.

*Equitable Tolling*. To the extent that Rodriguez mentions equitable tolling in his briefing, he does so only as fodder for his statutory-tolling argument**,** or merely in reference to the district court's decision. Accordingly, Rodriguez has forfeited any arguments for equitable tolling. *See Hoyos v. Davis*, 51 F.4th 297, 304 n.5 (9th Cir. 2022). Moreover, Rodriguez does not cite any extraordinary circumstances that would warrant equitable tolling and a "pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling." *Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

**AFFIRMED.**