**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

PATRICK O. NEISS,

*Petitioner-Appellant*,

v.

PETE BLUDWORTH, Warden; ATTORNEY GENERAL FOR THE STATE OF MONTANA,

*Respondents-Appellees*.

No. 22-35877

D.C. No.
1:21-cv-00103-SPW-KLD

OPINION

Appeal from the United States District Court
for the District of Montana
Susan P. Watters, District Judge, Presiding

Argued and Submitted March 28, 2024
Seattle, Washington

Filed August 16, 2024

Before: Kim McLane Wardlaw, Barrington D. Parker, Jr.,[*]
and Eric D. Miller, Circuit Judges.

Opinion by Judge Wardlaw

---

[*] The Honorable Barrington D. Parker, Jr., United States Circuit Judge for the U.S. Court of Appeals for the Second Circuit, sitting by designation.

# SUMMARY[**]

## Habeas Corpus

The panel reversed the district court's dismissal of Patrick Neiss's 28 U.S.C. § 2254 habeas petition under the preliminary screening provision of Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and remanded for further proceedings.

Neiss was convicted in Montana state court of deliberate homicide and evidence tampering based solely on circumstantial evidence. He filed a pro se petition for federal habeas relief, asserting claims that his trial and appellate counsel were ineffective.

The panel held that the district court misapplied the Rule 4 standard for summary dismissal of a habeas petition brought under 28 U.S.C. § 2254. Rather than apply Rule 4's standard for summary dismissal, the district court adjudicated Neiss's petition on the merits. No authority provides for Rule 4 dismissal on the merits. The district court did not find, nor did the State argue, that Neiss's petition qualified for summary dismissal because of a procedural defect. Nor did the district court find that Neiss's claim was frivolous or failed to state a cognizable claim. Because Neiss's petition alleged a cognizable, non-frivolous claim, the district court erred by summarily dismissing his petition

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

The panel also held that the district court's decision to order and rely upon portions of the state court record was proper because a Rule 4 dismissal permits consideration of exhibits not attached to the § 2254 petition or included with a responsive pleading from the State.

## COUNSEL

David F. Ness (argued) Assistant Federal Public Defender, Federal Public Defenders of Montana (Great Falls), Great Falls, Montana; Patrick O. Neiss, Pro Se, Crossroads Correctional Center, Shelby, Montana; for Petitioner-Appellant.

Cori D. Losing (argued) and Tammy K. Plubell, Assistant Attorneys General; Austi Knudsen, Montana Attorney General; Montana Department of Justice, Office of the Montana Attorney General, Helena, Montana; for Respondents-Appellees.

## OPINION

WARDLAW, Circuit Judge:

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides for prompt preliminary review by the district court to determine whether "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court" before requiring a response. R. 4, Rules Governing Section 2254 Cases (2019). The Advisory Committee Note explains that "it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Advisory Cmte. Note to R. 4. The note further explains that in certain situations, "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." *Id.* Our precedent, and that of the Supreme Court, has made clear that Rule 4 dismissal is required on procedural grounds, such as failure to exhaust or untimeliness, or on substantive grounds where the claims are "vague," "conclusory," "palpably incredible," or "patently frivolous or false." *Blackledge v. Allison*, 431 U.S. 63, 75–76 (1977) (quotation marks and citations omitted); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990). But Rule 4 dismissal is not appropriate simply because a petition will ultimately fail on the merits.

Here, Patrick Neiss filed a pro se federal habeas petition pursuant to 28 U.S.C. § 2254. The district court ordered the State of Montana to provide certain state records from Neiss's case and proceeded to adjudicate the merits of his

petition. The district court did not find the petition procedurally defective or substantively frivolous. Under these circumstances, the district court should not have dismissed Neiss's § 2254 petition.

Because the district court purported to dismiss Neiss's petition under the preliminary screening provision in Rule 4, but, in fact, made a merits determination on the substance of his nonfrivolous claim, we reverse and remand.

## I. BACKGROUND

The facts leading to Neiss's conviction and sentence are set forth in *State v. Neiss*, 396 Mont. 1 (2019) ("*Neiss I*"). We briefly recount them here.

### A. Factual Background

During the investigation of the murder of Frank Greene, who was shot to death on his own property, officers sought and obtained three warrants to search the property of Patrick Neiss, a neighbor who was suspected of the murder. Five days after the victim was found, police investigators applied for a warrant to search Neiss's property (the "March 2013 Warrant"). In the application for the March 2013 Warrant, investigators stated that they believed they would find firearm-related items, clothing with gunshot residue, biological material, shoe impressions consistent with the footprints found at the murder scene, cell phones, iPads, computers, electronic devices, and various other related items. After a state court authorized the search, the investigators searched the property but found no direct evidence linking Neiss to Greene's murder. No footwear at Neiss's property matched the shoeprints found at the murder scene. Nor did the officers locate firearms on Neiss's property, although they seized numerous .40 caliber shell

casings that were fired from the same firearm as the casings found at Greene's residence and three computers from Neiss's home.

Over a year later, on August 12, 2014, officers secured a second search warrant for Neiss's property. This time, officers discovered what appeared to be the body of a Maglite flashlight with gunshot residue coating its interior. Neiss's son identified it as something that Neiss had attached to the end of a firearm. That day, the officers arrested Neiss, charging him with deliberate homicide and, because they failed to discover a murder weapon, tampering with evidence.

Approximately one year later, the officers sought a third warrant (the "August 2015 Warrant") to search the contents of Neiss's computers. This application was based on their discovery of computer printouts and a handwritten letter on Neiss's property, which led them to believe that Neiss may have kept a journal or log of events on his computers. And, based on the Maglite flashlight and neighbors' reports that they did not hear gunshots or unusual sounds on the night of the murder, the officers "were interested to know if the computers had been used to obtain information about silencers or other firearms related questions." App'x 2541. The state court authorized the officers to search the three computers seized from Neiss's property for "Records of Internet Searches and results," "Personal documents to include journals, notes, receipts," "Photos," and "Emails (Sent, Received, Drafts)." App'x 2543.

The officers took Neiss's computers to an outside forensic laboratory for analysis, asking a forensic expert to search e-mails, videos, documents, internet history, and hidden files on Neiss's devices using key words, search

terms, and date ranges. Although the officers had attested that they sought to search Neiss's computers to discover a journal or other documents detailing his conflict with Greene, the officers did not ask the forensic expert to search for documents or a journal on Neiss's computer. *Neiss I*, 396 Mont. at 47 (Gustafson, J., dissenting in part and concurring in part). Instead, the officers and the expert together conducted a wide-ranging search for firearm and silencer-related information. And, because neither the application nor the August 2015 Warrant identified the key words or date ranges to be searched, the officers and forensic expert developed their own search parameters and relied on trial-and-error methodologies to adjust their search attempts. Eventually, they discovered that a user conducted an online search on one computer for information on firearm silencers, including how to manufacture homemade silencers. *Id*. at 10.

Neiss's trial counsel moved to suppress the evidence obtained from the August 2015 search of the computers seized in March 2013. Neiss argued that the March 2013 Warrant was overbroad and lacked particularity. He also argued that the August 2015 Warrant was not supported by probable cause and that it was unreasonably delayed because it was issued more than two years after the computers themselves were seized. Those same challenges were repeated in motions to exclude that evidence, which the state court denied. But trial counsel failed to raise a particularity challenge to the August 2015 Warrant.

## B.  Neiss's Trial and Direct Appeal

The jury convicted Neiss of deliberate homicide and evidence tampering based solely on circumstantial evidence. *Neiss I*, 396 Mont. at 10–11. This evidence included Neiss's

feud with Greene over Neiss's missing Camaro motor, which Neiss believed Greene had stolen; shoeprints between Greene's and Neiss's properties; .40 caliber shell casings that were found both at the murder scene and on Neiss's property that had been fired from the same weapon; silencer-related internet searches on Neiss's computer; and testimony from Neiss's son that Neiss used and manufactured firearm silencers. *Id.* at 10.

On appeal, Neiss challenged the trial court's denial of his motions to suppress the silencer-related internet searches. *Id.* at 22–23. Neiss argued on direct appeal that "(1) the August 2015 Warrant was invalid on its face because it erroneously referred to New Jersey as the location of the computers and never referenced any crime under investigation, (2) the [August 2015] warrant lacked particularity and was overbroad, and (3) the delay between the seizure pursuant to the March 2013 Warrant and the ultimate search—which only occurred after the August 2015 Warrant—was unreasonable." *Id.* at 23–24.

The Montana Supreme Court rejected these arguments and affirmed Neiss's convictions in a divided opinion. As to the August 2015 Warrant, it held that Neiss had waived his facial invalidity and particularity arguments because they were raised for the first time on appeal. *Id.* at 24. The Court also concluded that the delay between the seizure of Neiss's computers in March 2013 and their search in August 2015 was not unreasonable. *Id.* at 24–25.

Dissenting, Justice Ingrid Gustafson, joined by Justice Dirk Sandefur, explained that she would have concluded that the August 2015 Warrant lacked particularity, reasoning that the warrant authorized a "'general, exploratory rummaging' of Neiss's computer based on thin justification." *Id.* at 47

(Gustafson, J., dissenting in part and concurring in part). The warrant's lack of particularity was evidenced by the fact that "when the State sent the computers for analysis after obtaining the search warrant, the State asked the expert only to examine the computers for information on Internet searches and web pages visited. It did not ask the expert to search for documents such as a journal that Neiss may have kept on the computers," contrary to the proffered basis for the search. *Id.* Justice Gustafson determined that the silencer-related information found on Neiss's computer was critical to the prosecution's case as the prosecution could "point[] to no other evidence that demonstrates Neiss planned to shoot Greene with a silenced or suppressed firearm." *Id.* at 56. Therefore, there was a "reasonable possibility that inadmissible evidence might have contributed to Neiss's conviction," and reversal and remand for a new trial was warranted. *Id.*

## C. State Postconviction Proceedings

Neiss filed a pro se petition for state postconviction relief alleging ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). He argued that trial counsel performed deficiently by failing "to file a motion that contested the lack of particularity and breadth of the 2015 search warrant." App'x 576. And he alleged that appellate counsel on direct appeal was deficient for failing to raise Neiss's trial counsel's ineffective performance. On postconviction review, the Montana Supreme Court rejected the ineffective assistance of trial counsel claim, reasoning that even if counsel failed to raise a particularity challenge to the August 2015 Warrant, counsel "doggedly attempted to suppress the evidence obtained from both the 2013 and 2015 search warrants on multiple grounds. They also attempted to exclude the evidence via motions in limine." *See Neiss v.*

*State*, 405 Mont. 541 at ¶ 9 (2021) ("*Neiss II*"). And because the ineffective assistance claim against Neiss's trial counsel did not succeed, the Montana Supreme Court concluded that the claim against appellate counsel necessarily failed. *Id.* at ¶ 10.

Justice Gustafson again dissented. Because the Montana Supreme Court in the first appeal had rejected Neiss's particularity challenge to the August 2015 Warrant on waiver grounds, she concluded that Neiss's trial counsel was ineffective, particularly because the waiver deprived Neiss of a meritorious challenge to his conviction. *Id.* at ¶ 13 (Gustafson, J., dissenting).

## D.  Neiss's Federal Habeas Petition

On October 8, 2021, Neiss filed a pro se petition for federal habeas relief under 28 U.S.C. § 2254. Neiss reasserted his claims that trial counsel had been ineffective by failing to raise a particularity objection to the August 2015 Warrant, and that his appellate counsel had been ineffective by failing to argue on direct appeal his trial counsel's ineffective assistance. Neiss's 23-page memorandum of law supporting his petition argued that the Montana Supreme Court's decision denying postconviction relief was an unreasonable application of *Strickland* and *Kimmelman v. Morrison*, 477 U.S. 365, 375–80 (1986) (holding that a habeas petitioner may advance a claim of ineffective assistance of counsel based on "counsel's failure to litigate a Fourth Amendment claim competently").

Thirteen days later, on October 21, 2022, the district court summarily dismissed Neiss's petition with prejudice, after ordering the State to provide some of the state court records. In a 16-page order, the district court embraced the reasoning of the Montana Supreme Court on postconviction

review and concluded that Neiss's trial counsel was not deficient because counsel "moved repeatedly, in different contexts, to suppress the evidence found on the computers, both by repeatedly attacking the 2013 warrant through which they were obtained, and the 2015 warrant, after which they were searched. Counsel's decision to focus on certain aspects of these attacks rather than on others does not cause their performance to 'f[a]ll below an objective standard of reasonableness.'" App'x 15 (quoting *Strickland*, 466 U.S. at 687–88). And, because the claim against trial counsel failed, so too did Neiss's claim against appellate counsel.

Another panel of our court granted a certificate of appealability as to whether: (1) the district court erred by summarily dismissing Neiss's 28 U.S.C. § 2254 petition pursuant to Rule 4, including whether a Rule 4 dismissal permits consideration of exhibits not attached to the § 2254 petition or included with a responsive pleading from the State; and (2) trial counsel was ineffective in connection with Neiss's motions to suppress the fruits of the August 2015 Warrant.

## II.  STANDARD OF REVIEW

"We review a district court's decision to dismiss a petition for writ of habeas corpus de novo." *Miles v. Prunty*, 187 F.3d 1104, 1105 (9th Cir. 1999).

## III.  DISCUSSION

Neiss contends that the district court misapplied the Rule 4 standard for summary dismissal of a habeas petition brought under 28 U.S.C. § 2254. We agree. Rather than apply Rule 4's standard for summary dismissal, the district court adjudicated Neiss's petition on the merits. However, no authority provides for Rule 4 dismissal on the merits.

## A. Rule 4's Standard

"A discrete set of Rules governs federal habeas proceedings launched by state prisoners." *Mayle v. Felix*, 545 U.S. 644, 654 (2005) (citing Rules Governing Section 2254 Cases in the United States District Courts). Rule 4 of the Rules Governing Section 2254 Cases authorizes a district court to summarily dismiss a habeas petition, before the respondent files an answer, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

If a petition is "facially defective," *Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998), "a dismissal may be called for on procedural grounds, which may avoid burdening the respondent with the necessity of filing an answer on the substantive merits of the petition." Advisory Cmte. Note to R. 4. We have explained that a petition is "facially defective" and warrants summary dismissal when the petition "on its face reveals a procedural default," *Boyd*, 147 F.3d at 1128; or if "state remedies have not been exhausted as to any of the federal claims," *O'Bremski v. Maass*, 915 F.2d 418, 421 (9th Cir. 1990) (emphasis omitted); or if the petition, on its face, reveals that it is untimely, *Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019).

Rule 4 also permits summary dismissal of "claims that are clearly not cognizable." *Clayton v. Biter*, 868 F.3d 840, 845 (9th Cir. 2017). Dismissal on the basis of lack of cognizability is appropriate only where the allegations in the petition are "vague," "conclusory," "palpably incredible," or "patently frivolous or false." *Blackledge*, 431 U.S. at 75–76; *Hendricks*, 908 F.2d at 491. "A petition may not be cognizable, for example, where the petitioner fails to allege

a federal claim," *Clayton*, 868 F.3d at 845, or "when no claim for relief is stated," *Gutierrez v. Griggs*, 695 F.2d 1195, 1198 (9th Cir. 1983). Rule 4's "'standard essentially is whether the movant has made specific factual allegations that, if true, state a claim on which relief could be granted.'" *United States v. Withers*, 638 F.3d 1055, 1062 (9th Cir. 2011) (quoting *United States v. Schaflander*, 743 F.2d 714, 717 (9th Cir. 1984)).

Our case law has made clear that as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal under Rule 4. The legal term "frivolous" is defined in *Black's Law Dictionary* as "[l]acking a legal basis or legal merit; manifestly insufficient as a matter of law." *Frivolous*, *Black's Law Dictionary* (12th ed. 2024). And Ninth Circuit case law is in accord. *See Baumann v. United States*, 692 F.2d 565, 573 (9th Cir. 1982) ("Baumann's claim is not so patently frivolous or incredible as to justify summary dismissal. He has not made a conclusory allegation, but rather has specifically identified the exculpatory evidence which he claims the government knew of and failed to disclose. There is nothing in the record which conclusively demonstrates that this claim was without merit." (citations omitted)); *Hendricks*, 908 F.2d at 491–92 ("The petition does not meet the standard for summary dismissal. Hendricks set forth his claims for relief with specificity, and included relevant citations to the state court record. His claims, when unanswered, cannot be characterized as so incredible or frivolous as to warrant summary dismissal."); *Gutierrez*, 695 F.2d at 1198 (Summary dismissal is appropriate "when, on the face of the petition, the district court can plainly see that the petition lacks merit as a matter of law").

Every other circuit to address this issue has interpreted Rule 4 in the same way. *See*, *e.g.*, *Moran v. Vose*, 816 F.2d 35, 36 (1st Cir. 1987) (per curiam) (concluding that summary dismissal is unwarranted if "we cannot say with certainty, solely on the basis of the petition . . . that petitioner necessarily will be unable to establish a constitutional violation."); *Ron v. Wilkinson*, 565 F.2d 1254, 1259 (2d Cir. 1977) ("In borderline cases, the court should not dismiss, but should let the case proceed . . . [T]he lack of merit of the petition should be unmistakable to justify sua sponte dismissal." (quotation marks and citation omitted)); *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993) (observing that "the district court can dismiss a petition that raises a legal theory that is indisputably without merit"); *O'Blasney v. Solem*, 774 F.2d 925, 926 (8th Cir. 1985) ("[A] petition ought not be summarily dismissed unless it appears without a doubt that the petitioner can prove no set of facts which would entitle him to relief.").

Thus, absent a procedural failing, to determine whether a petition warrants summary dismissal under Rule 4, the standard is not whether the claim will ultimately—or even likely—succeed or fail, but rather, whether the petition states a cognizable, non-frivolous claim. *Hendricks*, 908 F.2d at 491–92.

Here, the district court misapplied Rule 4's standard in summarily dismissing Neiss's petition. The district court did not find, and the State does not argue, that Neiss's petition qualified for summary dismissal because of a procedural defect. Nor did the district court find that Neiss's claim was frivolous or failed to state a cognizable claim. Instead, the district court short-circuited the process and simply concluded that his claim failed on the merits. The State argues that the district court correctly dismissed the petition

because, in its view, Neiss's claim is ultimately unavailing. However, no authority permits summary dismissal of a habeas petition because the district court believes that a cognizable legal claim lacks merit.  And, as we explain below, the allegations Neiss raised in his petition are more than sufficient to survive the low bar for summary dismissal under Rule 4.

Neiss's petition alleges that his trial counsel provided ineffective assistance when counsel waived a meritorious particularity objection to the August 2015 Warrant.  The Supreme Court has recognized that an ineffective assistance of counsel claim may be based on "defense counsel's failure to litigate a Fourth Amendment claim competently." *Kimmelman*, 477 U.S. at 375.  Thus, these allegations state a cognizable claim on which relief could be granted, *see id.* at 383–85, and indeed, the State does not argue to the contrary.

Moreover, Neiss's claim, "cannot be characterized as so incredible or frivolous as to warrant summary dismissal." *Hendricks*, 908 F.2d at 492.  Neiss alleges that trial counsel's waiver constituted ineffective assistance of counsel under *Strickland*.  Although the district court alluded to "some room for disagreement about how clearly trial counsel raised the issue of particularity," App'x 14, and the State insists that counsel did sufficiently raise the issue, "[t]here is nothing in the record which conclusively demonstrates" that counsel raised that challenge. *Baumann*, 692 F.2d at 573.  And the state post-conviction record includes evidence to the contrary: Trial counsel's declaration admits that they did not use "the words 'lacking particularity and overbroad'" when they moved to suppress the evidence obtained through the August 2015 Warrant.  App'x 537.

Nor would anything "on the face of the petition" allow a district court to "plainly see that the petition lacks merit as a matter of law." *Gutierrez*, 695 F.2d at 1198. Neiss's *Strickland* claim requires him to "prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice." *Kimmelman*, 477 U.S. at 375. Nothing on the face of Neiss's petition plainly demonstrates that his particularity objection to the August 2015 Warrant lacks merit as a matter of law or that Neiss's trial counsel's failure to object on that ground could not have prejudiced him. Indeed, Justice Gustafson's dissents not only underscore that Neiss's claim is not frivolous but also demonstrate that reasonable jurists can disagree about the merits of his claim.[1] *See Neiss I*, 396 Mont. at 35–56; *Neiss II*, 405 Mont. 541 at ¶ 13. For our purposes, this analysis is sufficient to conclude that Neiss's petition clears Rule 4's dismissal hurdle. *See Withers*, 638 F.3d at 1067–68.

Rather than conducting this analysis, the district court ruled that regardless of whether a particularity challenge was made, which was the one potentially meritorious challenge to the August 2015 Warrant, "counsel's wide and repeated efforts to get the computer search evidence suppressed [were] objectively reasonable." App'x 14. The district

---

[1] This is, of course, the standard for granting a certificate of appealability of a federal habeas claim. *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (To obtain a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further") (internal quotation marks and alteration omitted).

court cited no authority holding that when counsel makes numerous unavailing objections but fails to object on the one meritorious ground, counsel's performance is effective, and we have found none.  To be sure, "*Strickland* requires a reviewing court to 'determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance.'" *Kimmelman*, 477 U.S. at 386 (quoting *Strickland*, 466 U.S. at 690).  But even "a single, serious error may support a claim of ineffective assistance of counsel." *Id.* at 383.  Moreover, other circuits have noted that "[c]ounsel could be constitutionally deficient in omitting a dead-bang winner even while zealously pressing other strong (but unsuccessful) claims." *Page v. United States*, 884 F.2d 300, 302 (7th Cir. 1989); *see also United States v. Cook*, 45 F.3d 388, 395 (10th Cir. 1995) ("[W]e conclude that although counsel presented several strong but unsuccessful claims on direct appeal, counsel omitted a 'dead-bang' winner . . . and thus rendered ineffective assistance.") (internal citation omitted)).

At the summary dismissal stage, district courts must consider only whether a claim is frivolous, not whether it is ultimately—or likely—a winner or loser. *Withers*, 638 F.3d at 1067.  Neiss's petition alleged a cognizable, non-frivolous claim, and thus, the district court erred by summarily dismissing his petition.[2]

---

[2] Because we conclude that Neiss's petition was not frivolous and was, therefore, improperly dismissed under Rule 4, we remand to the district court for further proceedings without weighing in on the merits of the petition.  *See Hendricks*, 908 F.3d at 492 ("We, of course, express no opinion on the ultimate merits."); *see also Nasby v. McDaniel*, 853 F.3d

B.  Consideration of Exhibits Not Attached to the Petition

We also address whether a Rule 4 dismissal permits consideration of exhibits not attached to the § 2254 petition or included with a responsive pleading from the State.  Rule 4 requires a district court to promptly examine a petition "and any attached exhibits" to determine whether it plainly appears that the petitioner is not entitled to federal relief.  R. 4, Rules Governing Section 2254 Cases (2019).  Here, the district court ordered the State to provide portions of the state court record.  In response, the State filed 60 exhibits, including the motions and orders filed regarding Neiss's petition, upon which the district court relied.

Both our case law and the Advisory Committee note to Rule 4 allow the district court to review exhibits later filed at the district court's order at the summary dismissal stage.  "[B]ecause 'federal habeas courts' have a duty to 'independently [review] the basis for the state court's decision,'" initial review at the summary dismissal stage requires the district court to "'obtain and review the relevant portions of the state court record,' or hold an evidentiary hearing, as necessary to discharge its duty."  *Valdez*, 918 F.3d at 693 (quoting *Nasby*, 853 F.3d at 1053).  If the exhibits are not attached to the petition, "[r]egardless of what documents the parties originally submit, it is the district court's independent obligation to obtain the relevant portions of the record."  *Nasby*, 853 F.3d at 1054.  Indeed, the Advisory Committee note to Rule 4 explains that a district court "may order" transcripts, sentencing records,

---

1049, 1052 (9th Cir. 2017) ("Because we conclude that the district court did err in this regard and that the case must therefore be remanded for further proceedings, including a further review of the other certified issues, we do not consider the merits of those issues here.").

and copies of state court opinions, among other materials, "for [its] consideration if they are not yet included with the petition." Advisory Cmte. Note to R. 4. Thus, the district court's decision to order and rely upon portions of the state court record here was proper, though its summary dismissal was not.

## IV.  CONCLUSION

Rule 4 is intended "to screen out frivolous applications," not to serve as a form of advanced summary judgment without regard to the process to which federal habeas petitioners are entitled, particularly pro se petitioners. *See* Advisory Cmte. Note to R. 4. Even if Neiss's petition may ultimately fail on the merits, it is not "patently frivolous." *Hendricks*, 908 F.2d at 491.

We **REVERSE** the judgment of the district court and **REMAND** for further proceedings.[3]

---

[3] Because none of the circumstances warranting reassignment are present here, *see United States v. Rivera*, 682 F.3d 1223, 1237 (9th Cir. 2012), we deny Neiss's request for reassignment.